Keith E. ABERCROMBIE, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 480S106.

Supreme Court of Indiana.

March 10, 1981.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Keith E. Abercrombie, pleaded guilty to rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.); robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.); burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.); and theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.). He was sentenced to terms of twenty years, forty years and forty years on the first three counts, these terms to run consecutively. He was sentenced to a four-year term on the count of theft, this term to run concurrently. He now appeals attacking the severity of the one hundred-year sentence and alleging errors in the sentencing procedure.

A summary of the facts most favorable to the state shows that the defendant, who was 27 years old at the time of this incident, had been on parole for about two years for a Federal Fire Arms violation. He was holding a steady job with a local foundry, was living with his parents and had his own car. On the night of April 5, 1979, defendant was at a tavern with a group of friends and then went to a party at a house next door to the victim's house. In the early morning hours of April 6, 1979, defendant was very drunk and was thrown out of the party. He does not remember any of the later events.

The victim, a 69-year-old widow, awoke around 7:00 a. m. that morning and found defendant standing, fully dressed, in her shower. He told her to cooperate; then grabbed her and took her into the bedroom. He raped her once at that time and ordered her to cook breakfast for him. After that, he raped her a second time. Defendant ordered her to dump the contents of her purse on a desk and took $20 and her car keys. The victim awoke later, not knowing if she had fainted or been struck, and found herself on the basement floor with her hands and feet bound. She was subse-quently hospitalized for four days for her injuries which included bruises and a fractured sternum. Defendant was arrested later that day for speeding while driving the victim's car in Kentucky. The victim identified defendant as the intruder who attacked her.

Defendant originally entered a plea of not guilty by reason of insanity to the charges. Two court-appointed psychiatrists examined him. Defendant then entered a plea of guilty on October 24, 1979, at a hearing where the trial court heard evidence from defendant, a police officer and the victim. Defendant was sentenced at a sentencing hearing on November 27, 1979, where the trial court heard evidence from defendant and his father. The court also considered a presentence report in which the probation officer recommended a term of seventy years but gave no specific reasons for this recommendation. Defense counsel gave a lengthy statement at the hearing about the mitigating and aggravating factors present in this case and argued that the recommended seventy-year term was overly excessive and was not proportional to the offenses.

The trial court sentenced defendant to a term of one hundred years. He gave no specific reasons for the sentence and did not list any specific factors which he had considered as aggravating or mitigating circumstances other than the serious nature of the crime itself. His only remarks were the following:

"Well it is the judgment of this Court after having reviewed the evidence here and the pleadings. And the presentence report submitted by the probation officer, and having thought about this case for a long time, which I have. And thought about the statute, considered the statue [sic], the aggrevating [sic] and mitigating circumstances here. The aggrevating [sic] circumstances having so far out weighted the mitigating circumstances. And the crime having been so (inauable) [sic] and discussing and (inaudible) [sic] it is the judgment of this Court that on

Count I, C2S 79/57, that the aggrevating [sic] circumstances far out weigh the mitigating circumstances and a 10 year increase be added to the standard penalty of 10 years for a total of 20 years on Count I. On Count II, it is the judgment of this Court that the aggrevating [sic] circumstances far out weigh the mitigating circumstances and that this warrants an increase of 10 years, to the base penalty of 30 years for a total of 40 years, on Count II. And that Count II, be served consecutively to Count I. Count III, it is the Court's judgment that the aggrevating [sic] circumstances far out weigh the mitigating circumstances in this case. And that an additional 10 years be added to the standard term of imprisonment for burglary, a Class A felony, and that be a period of 40 years. And that period of time to be run consecutively with Count I and Count II. It is the judgment of this Court, that with respect to Count IV, that the mitigating circumstances far out weighed by the aggrevating [sic] circumstances, that the defendant be sentenced for a period of 4 years on Count IV. That it run concurrently with Counts I, II and III. That the defendant pay the costs in this case in the amount of $47.00 on each Count and that the defendant be remanded to the Department of Correction for a period of 100 years. That is all."

Defendant now argues that the one hundred-year sentence is cruel and unusual punishment and is not proportional to the nature of the offenses in violation of the Indiana Constitution, art. 1 § 16. He further argues that the trial court violated Ind.Code § 35–4.1–4–3 (35–50–1A–3, Burns 1979 Repl.) because he did not sufficiently set out his reasons for selecting the sentence he imposed and did not set out the specific aggravating and mitigating circumstances which he had considered. Defendant finally argues that the trial court erred in using the same aggravating circumstances to increase the sentence three different ways: to raise the classification of two counts from class B felonies to class A felonies; to add an additional number of years to the basic terms; and, finally, to impose consecutive terms of imprisonment.

■ Defendant's argument that his sentence constitutes cruel and unusual punishment and is not proportional to his crime must fail since it is well settled that the length of the term of punishment is primarily a legislative concern. This Court has continually held that the constitutional prohibitions against cruel and unusual punishment are a limitation upon the acts of the General Assembly and not upon the discretion of a trial court acting within the framework of a statute imposing penalties for the offense. *Inman v. State*, (1979) Ind., 393 N.E.2d 767; *Gingerich v. State*, (1948) 226 Ind. 678, 83 N.E.2d 47.

However, Indiana's criminal code has recently been restructured by the legislature and now sets out specific guidelines for the sentencing procedure. First, the sentencing court must make a record of the statement of the court's reasons for selecting the sentence that it imposes. Ind.Code § 35–4.1–4–3 (35–50–1A–3, Burns 1979 Repl.). The code further provides certain criteria for sentencing which *must* be considered by the trial judge as well as other factors which *may* be considered as mitigating circumstances or aggravating circumstances. Ind.Code § 35–4.1–4–7 (35–50–1A–7, Burns 1979 Repl.). This concept of distinguishable aggravating and mitigating circumstances is relatively new to Indiana law and is related directly to the constitutional mandate that "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Indiana Constitution, art. 1 § 18. In order to further implement the constitutional mandate, the appellate courts are authorized to review sentences. The scope of our review is defined within our Rules for the Appellate Review of Sentences, Rule 2(1):

"The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender."

Clearly, the purpose of these sentencing provisions in our criminal code is to insure a basic fairness in the sentencing process and thereby promote respect for the law. When the sentencing judge is required to make a statement of the reasons for imposing a particular sentence, two important goals are served. First, the judge is confined to proper grounds for either increasing or decreasing the presumptive sentence provided for the offense; and, second, the appellate court is enabled to determine the reasonableness of the sentence imposed, under the circumstances. *Page v. State*, (1980) Ind., 410 N.E.2d 1304.

But a statement of reasons for imposing a particular sentence serves numerous other goals beyond the two primary goals. An attempt by the sentencing judge to articulate his reasons for a sentence in each case should in itself contribute significantly to the rationality and consistency of sentences. A statement by the sentencing judge explaining the reasons for commitment can help both the defendant and the public understand why a particular sentence was imposed. An acceptance of the sentence by the defendant without bitterness is an important ingredient in rehabilitation, and acceptance by the public will foster confidence in the criminal justice system.

This Court has held that we will not require a lengthy statement of reasons or a list of specific aggravating and mitigating factors considered when only the basic sentence is imposed. We have said:

"When a court imposes the basic sentence embodied within a particular criminal statute, this Court will presume that the mandatory considerations were made by the judge, even if the record lacks specificity in enumerating those considerations. See West's Ann.Ind. Code § 35–4.1–4–3(3) (1978). However, when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances." *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517.

In the instant case, however, much more than the basic sentence was involved and there was not *any* statement of specific reasons given by the court to support the imposition of the greatly enhanced sentence. Determination of an appropriate sentence involves a balancing of many factors and some articulation of this balancing process must be made in the record by the sentencing judge. Here, the aggravating factors were clear and easily stated. There was physical injury to the victim, and this factor alone raised two of the class B felonies to class A felonies. Other aggravating factors were that the defendant had a prior criminal record and the victim was over 65 years old.

However, there were also many unique aspects to this crime and many mitigating factors which should have been examined. Some of the mitigating factors in this case were that there was no death, no permanent physical impairment, no destruction of property, no weapons involved and no evidence of deliberation. Beyond the actual facts of the crime itself, the nature and background of the individual defendant should also be considered. Here, defendant's prior criminal record was not extensive and involved no crimes of violence. The defendant showed remorse for the instant crime and agreed to plead guilty and spare the victim the ordeal of a trial. Defendant was holding a steady job and had the support of a good family in the community. The unique and unplanned circumstances surrounding the incident tend to show that the crime would not be likely to happen again. Several members of defendant's family wrote to the judge showing their concern for and support of defendant. Defendant's attorney at the sentencing hearing cited other mitigating circumstances involved in this case, including defendant's age, which would support the likelihood of defendant's rehabilitation and therefore the imposition of a minimum term.

On the other hand, the presentence report which the trial judge studied was brief,

listed mainly the objective facts of the crime and contained no explanation of why the state recommended an enhanced sentence of seventy years. The sentencing record before us contains no statement of reasons and does not set out specific aggravating and mitigating circumstances to support the imposition of the one hundred-year sentence. There is no indication that the court even considered the possibility of the rehabilitation of defendant. While we recognize that the crimes of rape, robbery and burglary are very serious, the legislature has provided a basic term of thirty years for these crimes when they are class A felonies as in the instant case. The imposition of a term more than three times the length of the basic term requires a thorough statement of the reasons considered and the specific aggravating and mitigating circumstances which support the sentence.

Furthermore, although the trial court is bound to consider the seriousness of the crime committed and the need to protect the community by sequestration of the offender, there are other objectives of a term of imprisonment which also must be considered. Under our constitution, the primary goal to be considered is the rehabilitation of the offender into a noncriminal member of society and any unique factors which support this goal must be carefully considered. Other objectives are deterrence of the offender himself as well as of other members of the community and community condemnation of the individual offender for the purpose of maintaining respect for societal norms of behavior. The record must show that the sentence imposed is a reasoned application of these sentencing objectives.

■ Since we find no statement of reasons or of specific aggravating and mitigating circumstances which would support the imposition of a one hundred-year sentence for the instant crimes, the cause must be remanded to the trial court with instructions to grant defendant a new sentencing hearing and enter sufficient findings to support the sentence imposed. We are ordering a new sentencing hearing in this case because the original trial judge is now deceased.

■ We must also address the last argument raised by defendant as it may be involved at his new hearing. Defendant argues that the trial court erred in using the same aggravating circumstances to increase his sentence three different times; to raise the classification of two counts from class B felonies to class A felonies; to add an additional number of years to the basic terms; and to impose consecutive terms of imprisonment. We have held that under our present statutes the alternative ways of increasing a particular sentence are not mutually exclusive. A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences or both. *Mott v. State*, (1980) Ind., 402 N.E.2d 986; *Inman v. State, supra.*

However, it is clear, that in every case where increased sentences are imposed the record must show that careful consideration commensurate with the denial of liberty involved has been given to the defendant. Due care must be taken to demonstrate a thorough and thoughtful sentencing decision supported by specific and detailed reasons and an indication that the court has considered the goal of rehabilitation. The record must show that the determination of the increased sentence was based upon a consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence.

Since the record in the instant case is not adequate to support the imposition of both increased terms and consecutive terms or a one hundred-year sentence, the cause is remanded with instructions to grant defendant a new sentencing hearing and enter sufficient findings to support the sentence imposed.

The conviction of guilty on the pleas and the evidence is affirmed. The cause is re-

manded with instructions to conduct a new sentencing hearing.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.