Keith E. **ABERCROMBIE**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 981S265.

Supreme Court of Indiana.

Nov. 12, 1982.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The defendant-appellant, Keith E. Abercrombie, pleaded guilty to charges of rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.); robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.); burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.); and theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.). He received sentences of twenty years for the rape conviction, forty years for the robbery conviction, forty years for the burglary conviction and four years for the theft conviction. The first three were to be served consecutively to each other while the last was to be served concurrently with the others for a total of one hundred years.

Upon consideration of the direct appeal from these convictions, we affirmed the convictions, but remanded the case for resentencing because the record contained no statement of reasons or of specific aggravating and mitigating circumstances to support the enhancement of the sentence or the imposition of consecutive terms of punishment. *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. Because the original trial judge was deceased, we ordered a new sentencing hearing.

The resentencing hearing began on April 30, 1981, and was continued on May 13, 1981. On May 18, 1981, the resentencing judge rendered his decision sentencing defendant to terms of twenty years for the rape conviction, thirty years for the robbery conviction, thirty years for the burglary conviction and two years for the theft con-

viction. The sentence for the rape conviction was ordered to be served consecutively with the sentences on the other three convictions (those sentences to be served concurrently with each other) for a total of fifty years.

Defendant now appeals from this sentence contending that the resentencing court erred in not considering the principles of reformation as mandated by Art. 1, § 18, of the Indiana Constitution and in improperly weighing the particular aggravating and mitigating circumstances of this case. He also urges that his sentence is manifestly unreasonable in light of the character of the offender and the nature of the offenses.

Indiana Code § 35–4.1–4–3 (Ind.Code § 35–50–1A–3, Burns 1979 Repl.) provides for a sentencing hearing and the making of a record of that hearing including:

"If the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes." Ind.Code § 35–4.1–4–3(3) (Ind.Code § 35–50–1A–3[3], Burns 1979 Repl.)

■ We found that at the first sentencing hearing there was no compliance with this mandate, and we remanded for entry of sufficient findings to support the sentence. There is, however, no requirement of a lengthy statement of aggravating and mitigating circumstances when the basic sentence prescribed by statute is imposed. Here, the thirty year sentences for the robbery and the burglary and the two year sentence for the theft were the presumptive sentences provided for by Ind.Code §§ 35–50–2–4 (Burns 1979 Repl.) and 35–50–2–7 (Burns 1979 Repl.) and were to run concurrently. As we held in *Gardner v. State,* (1979) Ind., 388 N.E.2d 513, 517:

"When a court imposes the basic sentence embodied within a particular criminal statute, this Court will presume that the mandatory considerations were made by the judge, even if the record lacks specificity in enumerating those considerations."

Thus, the resentencing judge was not required to present a detailed statement of justification for imposition of the sentences for robbery, burglary and theft and need only have provided specific reasons and particular aggravating and mitigating factors for his enhancement of the basic sentence for the rape and for his order that that sentence be served consecutively with the others.

The sentencing decision is shaped and guided by the statutory criteria found in Ind.Code § 35–4.1–4–7 (Ind.Code § 35–50–1A–7, Burns 1979 Repl.). Under this provision, a sentencing court *must* consider the risk that the defendant will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character and condition of the defendant in making a sentencing choice. The statute also lists several factors that *may* be considered as aggravating or mitigating circumstances. These criteria do not limit the matters that the court may consider in determining the sentence, Ind.Code § 35–4.1–4–7(d) (Ind.Code § 35–50–1A–7[d], Burns 1979 Repl.), but serve as guidelines for the sentencing decision.

■ Defendant initially argues that the court erred in not considering the principles of reformation as mandated by Art. 1, § 18 of the Indiana Constitution and Ind.Code § 35–4.1–4–7 (Ind.Code § 35–50–1A–7, Burns 1979 Repl.). The resentencing judge did, however, specifically consider the possibility of the reformation of the defendant and explicitly stated his conclusion at the time the sentence was pronounced. As we noted in this case on its initial appeal, there are several objectives of a term of imprisonment, and while the primary goal is rehabilitation, these other goals, including the need to protect the community by sequestration of the offender, deterrence and community condemnation of the offender may be properly considered in the sentencing process. *Abercrombie, supra,* 417 N.E.2d at 320. Clearly, the resentencing judge complied with our directive in this case originally that there be "an indication that the court has considered the goals of rehabilitation." *Id.*

■■ Defendant's second contention is that the resentencing court erred by improperly weighing and applying the mitigating and aggravating circumstances listed in Ind.Code § 35–4.1–4–7 (Ind.Code § 35–50–1A–7, Burns 1979 Repl.). The facts of this case show that defendant broke into the home of a sixty-nine year old woman, raped her twice, bound her hands and feet and threw or dragged her down the basement stairs. This resulted in severe bruises and contusions and a fractured sternum that required four days of hospitalization and has caused the victim to suffer permanent injury and pain. Defendant also stole the victim's money and her car. He has a record of prior criminal activity including commitment to a juvenile facility and two previous convictions and imprisonments for possession of a sawed-off shotgun. While on parole for the second of these convictions, defendant was arrested several times for driving under the influence. Several days prior to the instant offense, defendant's probation officer requested a parole violation for defendant because of his alcoholism.

As aggravating circumstances, the resentencing judge found that the crime had caused serious harm to persons and property, that defendant violated the conditions of his federal parole, that defendant has a history of criminal activity including crimes involving serious potential for violent harm to others, that defendant is in need of correctional treatment that should be provided by commitment to a penal facility, that the victim was sixty-nine years old and that the defendant acted deliberately and sought a weapon while in the home of the victim. He also found that the victim did not induce or facilitate this offense, that there were no substantial grounds tending to excuse or justify the crimes and that the character and attitude of the defendant indicate that he is likely to commit other crimes.

Mitigating factors considered by the resentencing judge were the age of the defendant, the fact that defendant may have been intoxicated and that defendant was gainfully employed at the time of these offenses. Finding that the aggravating circumstances outweighed the mitigating circumstances, the judge increased the penalty for the rape and imposed it as a consecutive term. Clearly, it is within the trial court's authority to determine the weight to be given in each case to the aggravating and mitigating circumstances discerned and to increase or decrease the sentence accordingly as provided by the statute. *McManus v. State,* (1982) Ind., 433 N.E.2d 775; *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *Dean v. State,* (1980) Ind., 398 N.E.2d 1270.

■ Defendant's final contention is that his fifty-year sentence is manifestly unreasonable in light of the nature of the offenses and the character of the offender. Indiana R.App.Rev.Sen. 2 provides:

"A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

In this case, the resentencing judge was faced with a wide range of possible imprisonment terms. The minimum term that defendant could have been ordered to serve was twenty years, and the maximum term that could have been imposed was one hundred and twenty-four years. Suspension of defendant's sentence was not an option available to the judge under Ind.Code § 35–50–2–2(a)(1) (Burns 1979 Repl.). Defendant's sentence was clearly within the limits prescribed by statute and, in light of the facts of this crime and the particular aggravating and mitigating circumstances noted by the judge, we are unable to conclude that the fifty year sentence imposed was manifestly unreasonable.

The resentencing judge made an extensive, detailed and clearly sufficient statement in narrative form of the aggravating circumstances he found compelling and also discussed the mitigating circumstances he found relevant. We have held that if the sentences imposed were authorized by statute, if those sentences are not manifestly unreasonable and if the record discloses the trial court's finding of aggravating and/or

**446**

mitigating circumstances, this Court will not revise or strike down those sentences. *Bish v. State,* (1981) Ind., 421 N.E.2d 608, *reh. denied* (1981). The resentencing judge fully complied with the mandate we expressed in this case on its initial appeal that the record show "that the determination of the increased sentence was based upon a consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence." *Abercrombie, supra,* 417 N.E.2d at 320.

The defendant's sentence is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.