Kenneth Jay **FIELDS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 283S39.**

Supreme Court of Indiana.

Nov. 17, 1983.

Franklin W. Arkenberg, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth Jay Fields was convicted by a jury in the Ripley Circuit Court of class A felony Rape, class A felony Criminal Deviate Conduct and class D felony Confinement. He subsequently was sentenced to concurrent imprisonment terms of fifty years for Rape, fifty years for Criminal Deviate Conduct and four years for Confinement. Appellant now directly appeals and raises the following two issues for our review:

1. whether there was sufficient evidence from which the jury could properly find Appellant guilty as charged; and

2. whether the trial court reversibly erred by admitting testimony regarding the accuracy of a vaginal wash test.

I

The facts adduced at trial show that the instant crimes occurred at approximately 10:00 p.m. on May 25, 1982. The victim, V.M., testified that she was waiting beneath a street light adjacent to U.S. Highway 50 in Holton, Indiana, when Appellant approached her asking for a light for his cigarette. When Appellant arrived beside V.M., he struck her and dragged her into a nearby field. Appellant told V.M. that he had a gun and a knife and would use them if she did not cooperate. Appellant thereupon forced V.M. to perform fellatio followed by sexual intercourse; he subsequently forced her to repeat those deeds two additional times. V.M. testified that she was afraid that she was going to be killed and repeatedly begged to be released. Appellant finally permitted V.M. to wander away shoeless. Two police officers in a patrol car happened to drive past V.M. just as she stepped out of the weeds along Highway 50. The officers testified that when they stopped to check on V.M., she immediately began "hollering" that she had been raped by a man wearing a brown coat and that he was still out in the field. V.M. was shaking, her voice cracked, her nose was bleeding, her arm was bruised and her lip was swollen. One officer walked a short distance into the field and found Appellant wearing a muddy brown coat and lying face down, asleep. After Appellant was arrested and taken to the Sheriff's office, Appellant made a statement to State Trooper Pat McCreary. McCreary testified at trial that in said statement, Appellant admitted to having engaged in fellatio and coitus with V.M. but claimed that V.M. initiated the contact and was willing to consent for $20.00.

With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Oatts v. State,* (1982) Ind., 437 N.E.2d 463, *reh. denied; Gatewood v. State,* (1982) Ind., 430 N.E.2d 781. Furthermore, it is well settled in Indiana that a rape conviction can rest upon the victim's uncorroborated testimony. *Johnson v. State,* (1982) Ind., 432 N.E.2d 1358; *Tillman v. State,* (1981) Ind., 426 N.E.2d 1149. Reviewing the evidence in the instant case, we find more than sufficient evidence of probative value to justify the jury's verdicts.

II

Appellant next contends that the trial court erred by admitting into evidence certain testimony proffered by State Trooper Jesse Westmeyer during the State's direct examination of him. Appellant specifically contends that the following statement by Westmeyer was irrelevant and unduly prejudicial:

"I, I have never seen a, uh, positive reaction to a vagina wash on any report that I have sent in or have been involved in as far as an investigator, either as an investigative officer or as a technician."

The Record shows that Westmeyer also engaged in the following exchange during Appellant's cross-examination of him:

"[Defense Counsel] Mr. Westmeyer, as an expert technician, and you've never seen a positive spermatozoa test from a

vaginal wash, why in the world would the State Police use that?

[Westmeyer] It's collected at the hospital as part of the, the rape kit. And there's always a possibility that there might be something in it, so rather then (sic) to throw away or not use it, we'll go ahead and collect it along with what the hospital collects, and at least test it.

[Defense Counsel] And so even though it's a useless test, uh, it's a useless test, because you've never seen a positive result, you go ahead and do it, is that correct?

[Westmeyer] Yeah."

When arrested, Appellant admitted to police that he had engaged in sexual intercourse with V.M. At trial, Appellant did not deny his intercourse with V.M. but maintained as follows from his opening statement to the jury:

"We think that the evidence is going to show that there was consent involved in this, sexual acts that took place that evening."

Whether coitus occurred between Appellant and V.M., therefore, was not at issue during Appellant's trial. Since intercourse was established, Westmeyer's denigration of the vaginal wash test neither prejudiced Appellant nor constituted a harmful error. Moreover, Westmeyer's statement was proper to explain the negative test result obtained in this case since said negative result conflicted with the established fact that Appellant and V.M. had engaged in intercourse together. We find no error with respect to this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.