Eli BOROM, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 484 S 124.

Supreme Court of Indiana.

Nov. 19, 1984.

Robert R. Garrett, Appellate Division, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Eli Borom, Jr., was convicted by a jury in the Lake Superior Court of class B felony rape. The trial court subsequently sentenced him to fifteen years imprisonment. Appellant now directly appeals and raises the following three issues:

1. sufficiency of the evidence;

2. chain of custody supporting admissibility of certain evidence; and

3. sentence enhancement.

The facts adduced during trial show that during the evening of July 13, 1982, B.H. went with a friend to an East Chicago tavern to drink "pop" and to listen to music. While there, B.H. noticed Appellant at the bar. She had known him for several

years. At approximately 3:00 a.m. on July 14, B.H. left the tavern by herself intending to walk directly home. En route, she noticed Appellant following her. B.H. testified that when she was in an alley and almost home, Appellant grabbed her by her neck, threw her to the ground, slapped her in her face and raped her. She further testified that she tried to scream but could not since Appellant covered her mouth with his hand. After Appellant was done and had left, B.H. ran to a friend's house to call the police. Michelle Fulton, the friend, testified that B.H. came to her house at approximately 3:30 a.m. and asked to use the phone to call the police because she had been raped. B.H. was crying and had blood on her dress. Police Officer Sam Evans testified that he responded to B.H.'s call and arrived at the Fulton residence where he found B.H. crying, nervously shaking, and bleeding from the left side of her nose. B.H. was taken to Saint Catherine's Hospital where an initial physical examination revealed fresh lacerations to the left side of her nose and fresh abrasions on the back of her neck and left ankle. An initial rape screening was performed which indicated that spermatozoa were present in vaginal smears taken from B.H.

### I

■ Appellant first challenges the sufficiency of the evidence by which he was convicted. We note that although Appellant raises this issue in his brief, he offers no argument and merely states: "The writer considers pursuit of this issue futile and will not impose upon the Court for it's (sic) further consideration." With regard to sufficiency of the evidence questions, this Court will consider only that evidence most favorable to the State with all reasonable inferences drawn therefrom and will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Fields v. State*, (1983) Ind., 455 N.E.2d 601. Moreover, it is well-settled that the uncorroborated testi-

mony of the victim is sufficient to convict a defendant. *Fields, supra.* Reviewing the evidence in the instant case, we find more than sufficient evidence of probative value to justify the jury's verdict.

### II

Appellant next suggests that the trial court erred by admitting into evidence, over Appellant's objection, State's Exhibit 2 since he claims the State never properly established the requisite chain of custody. State's Exhibit 2 was the Sexual Assault Evidence Kit used during B.H.'s July 14 physical examination in the emergency room at St. Catherine's Hospital. Appellant concedes that the kit was taken from the emergency room and turned in to the property clerk at the East Chicago police station on July 14. He further concedes that the kit subsequently was taken during the afternoon of July 14 from the East Chicago police property room to the Northwest Indiana Toxicology Laboratory and placed in the lab's vault until August 10, 1982, when it was removed from the vault by Larry Huys, a forensic serologist, who performed tests on its contents. Appellant's objection, unsubstantiated by any argument on appeal, is that "the record is silent regarding whose custody [the kit] was in between [July 14] and August 10, 1982," while the rape kit was in the toxicology lab's vault.

■ To establish a proper chain of custody, the State need only provide evidence that "strongly suggests the exact whereabouts of the evidence at all times." *Holt v. State*, (1980) 272 Ind. 544, 546, 400 N.E.2d 130, 131, *quoting Lewandowski v. State*, (1979) 271 Ind. 4, 11, 389 N.E.2d 706, 710. The State need not provide evidence that excludes all possibilities of tampering but need only provide evidence which affords a "reasonable assurance" that the evidence passed to trial in an undisturbed condition. *Burris v. State*, (1984) Ind. 465 N.E.2d 171, 185, *reh. denied*. The testimony at trial indicated that Exhibit 2 was sealed at the hospital and delivered by Offi-

cer Evans to the East Chicago police station where Evans placed it into an evidence bag and into an evidence locker. Officer Evans testified that the exhibit at trial was in substantially the same condition as when he had custody over it. Officer Edward Sifel testified that he took possession of the Exhibit at the East Chicago police station and delivered it to the toxicology lab where it was placed in the lab vault on July 14. Officer Sifel also testified that the Exhibit at trial was in substantially the same condition as when he delivered it to the lab. Larry Huys testified that the Exhibit at trial was in substantially the same condition as when he temporarily removed it from the vault to conduct his tests on August 10. All proper dating and record keeping was done. We now find that the evidence "strongly suggests" the exact location of Exhibit 2 at all times thereby affording a "reasonable assurance" that Exhibit 2 remained undisturbed in the toxicology lab's vault from July 14 to August 10. We find no error.

### III

Appellant lastly suggests that "the enhancment (sic) of the presumptive sentence of the defendant is not supported by the required criteria." Appellant's only argument in this regard is as follows:

> "Trial counsel, in presenting the issue in the Motion to Correct Errors, apparently felt that the Court did not find aggravating circumstances with sufficient specifity (sic) to satisfy the requirements of the statute."

The record indicates that the trial judge made the following findings when he sentenced Appellant:

> "All right. Well, the Court has reviewed the pre-sentence report and I appreciate the comments of Counsel. And one must be especially disturbed by looking at the record here. It is a clear pattern of criminal activity. It was begun as a juvenile and seems now to progressed (sic) to where we are to crimes of violence. Based upon the record, I see here, I would have no particular problem in im-

posing the maximum sentence of twenty (20) years. Mr. Borom, you are not an old man. Certainly—I don't know. You may be able to do something with your life. I think I would point out that it is possible that you could have been charged as a habitual offender. However, you were not. Nevertheless, in view of the record that is presented here, *prior criminal record and nature of this case being a forcible rape,* the judgment of this Court is that you be sentence (sic) to a term of fifteen (15) years in the proper state institution. You will receive credit for time served prior to sentencing in the amount of 123 days. The *specific crime of robbery and confinement certainly are aggravating circumstances (sic) along with the manner in which this crime of rape was done.* That is the judgment of the Court." (emphasis added).

This Court now holds that the trial judge's statement in support of Appellant's aggravated sentence is sufficient to comply with our sentencing mandate in *Spinks v. State,* (1982) Ind., 437 N.E.2d 963; *Page v. State,* (1981) Ind., 424 N.E.2d 1021, *on remand* (1982) Ind. 442 N.E.2d 977, *reh. denied* (1983); *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316, *on remand* (1982) Ind., 441 N.E.2d 442. Specifically, the trial judge's statement clearly indicates that he identified the following two aggravating circumstances in this case: Appellant had a history of criminal activity and the imposition of a reduced sentence would depreciate the seriousness of Appellant's crime. We find that these reasons represent proper sentencing factors pursuant to Ind. Code § 35–38–1–7 (Burns Supp.1984) [effective September 1, 1984]. Moreover, we do not find that Appellant's aggravated sentence was manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sent. 2. There is no error.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.