**Everett "Red" PAGE, Jr., Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1179S327.

Supreme Court of Indiana.

Aug. 26, 1981.

Dennis Brinkmeyer, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of Rape, Class B Felony, Ind. Code § 35–42–4–1(a)(1) (Burns 1979), and was sentenced to fourteen (14) years imprisonment. On appeal, we affirmed the conviction, but remanded the case because the record did not contain the trial court's reasons in support of the enhanced sentence. *Page v. State*, (1980) Ind., 410 N.E.2d 1304, 1308. On May 21, 1981, a supplemental record, consisting of the sentencing hearing of June 13, 1979, was filed in this Court.

Ind.Code § 35–4.1–4–3 (35–50–1A–3 (Burns 1979)) provides:

"Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. The court shall make a record of the hearing, including:

(1) A transcript of the hearing;

(2) A copy of the presentence report; and

(3) If the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes."

█ As stated in the statute, the purpose of the sentencing hearing is to give the trial court the opportunity to consider the *facts* and *circumstances* relevant to the sentencing of the individual defendant before it. The trial court should determine those facts and circumstances by referring to the entire record of the proceedings, which includes the testimony and evidence given at trial. *Harris v. State*, (1979) Ind., 396 N.E.2d 674, 677.

█ When the trial court imposes the basic sentence for an offense, we will assume that it considered the factors listed in Ind.Code § 35–4.1–4–7(a) (35–50–1A–7(a) (Burns 1979)). *Keys v. State*, (1979) Ind., 390 N.E.2d 148, 152. However, if the trial court chooses to exercise its discretion, pursuant to the authority of Ind.Code §§ 35–4.-1–4–7(b), (c), and (d) (35–50–1A–7(b), (c), and (d) (Burns 1979)), it must make a statement of its reasons for selecting the sentence that it imposes. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517.

The record of the trial court's finding of aggravating circumstances follows:

"Of course, there are some aggravating circumstances in this case that are set out in the statute because two or three of the statutory aggravating circumstances are in the—one of the aggravating set out by the statute is the victim of the crime was mentally or physically infirm. Second, a lenient sentence of probation would depreciate the seriousness of the crime. And three, the person is in need of correctional rehabilitation treatment that can best be provided by his commitment to a penal facility. So I think there are specifically requirements that the legislature has put out in this case. I will take the recommendation of the prosecuting attorney into consideration, though."

█ This record merely repeats the conclusory language of the statute. It is inad-

equate to inform us of the facts, derived from the record, which led the trial judge to find the existence of the legal conclusions embodied in Ind.Code § 35–4.1–4–7 (35–50–1A–7 (Burns 1979)). *Green v. State,* (1981) Ind., 421 N.E.2d 635. The statement of reasons envisioned by Ind.Code § 35–4.1–4–3 (35–50–1A–3 (Burns 1979)) must consist of more than a mere finding that certain subsections of Ind.Code § 35–4.1–4–7 (35–50–1A–7 (Burns 1979)) are satisfied.

"When the sentencing judge is required to make a statement of the reasons for imposing a particular sentence, two important goals are served. First, the judge is confined to proper grounds for either increasing or decreasing the presumptive sentence provided for the offense; and, second, the appellate court is enabled to determine the reasonableness of the sentence imposed under the circumstances." *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316, 319.

In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of his reasons for imposing the sentence which he did. *Green v. State,* (1981) Ind., 424 N.E.2d 1014 (On Remand). This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions. Of course such facts must have support in the record.

Although our rule for review of sentences provides that no sentence authorized by statute will be revised unless manifestly unreasonable, the statement of reasons should not be given grudgingly. Rather, it will not only be helpful to the reviewing court but will benefit the trial judge as well, if the chore be approached with a view towards assuring a stranger to the case that the sentence imposed was fair and reasonable under all the circumstances. Not only will detailed findings be reassuring to the concerned community, but also compliance with such procedure will avert oversights and impassioned judgments and permit both the sentencing judge and the reviewing judges to live free of inner doubts.

Statements should reflect both aggravating factors and mitigating factors of significance. A failure to find either when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered.

Ind.Code § 35–4.1–4–7(b), (c) and (d) (35–50–1A–7(b), (c) and (d) (Burns 1979)) sets forth aggravating and mitigating factors properly to be considered in fixing sentences. It will be observed that while some of the factors are simple facts, such as, "the victim of the crime was sixty-five (65) years of age or older," most are conclusions, such as, "The person acted under strong provocation." or "imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." A finding that the victim was sixty-five years old is a statement of fact and needs no explanation. However, a finding that the person acted under strong provocation is a statement of the judge's conclusion and requires a statement of facts to evidence its validity or reasonableness.

Other factors listed as mitigating or aggravating, while factual in nature, are ultimate facts and require a finding of subsidiary facts to support them. For example, if a defendant has a history of criminal activity, the incidents comprising such history need be recited; and if there are substantial grounds tending to excuse the crime, the specific facts constituting such grounds must be recited.

■ Here, the trial court's statement of reasons for imposing an enhanced sentence reflect only that he believes it to be appropriate under the circumstances. It does not enable us to draw a conclusion, one way or the other, as to its reasonableness. As in *Green v. State, supra,* (Remand) it recites some of the statutory factors justifying the sentence, but it does not enlighten the defendant, the community or us as to his reasons for adding four (4) years to the basic sentence of ten (10) years for the crime committed.

The cause is remanded to the trial court to state its reasons for enhancing the basic sentence of ten (10) years or, alternatively, to resentence the defendant for the basic period.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.