**Michael KERN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 580S123.**

Supreme Court of Indiana.

Oct. 6, 1981.

Supplemental Opinion Dec. 22, 1981.

Mark A. McIntosh, Huntington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of burglary of a dwelling, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979), after trial by a jury, and sentenced for fifty (50) years. This direct appeal raises the following issues:

(1) Whether the trial court erred in allowing the defendant's confession into evidence.

(2) Whether the trial court erred in admitting an envelope and a portion of a letter into evidence.

(3) Whether the evidence is sufficient to sustain the defendant's conviction.

(4) Whether the trial court erred in its sentencing of the defendant.

On July 10, 1978, the victim had retired alone for the evening at her home. An unidentified intruder entered her bedroom, attacked her and inflicted injuries with a knife. He then fled after taking away a shotgun that had been used in the victim's defense.

Defendant was arrested on the charge on September 30, 1978, and then informed of his constitutional rights, and on October 4, counsel was appointed. Before counsel could meet with the defendant, however, the police interrogated him and obtained a signed confession.

\* \* \*

## ISSUE I

Defendant contends that the statement given to police and the interrogation were in violation of his Fifth and Sixth Amendment rights, as they were given without an intelligent waiver and without benefit of the services of an attorney. We do not agree.

Officer Juillerat testified that the Defendant was informed of his constitutional rights, that Kern indicated that he understood them, and that he signed a waiver thereof before being interrogated on October 6th and 7th. The Officer also testified that he removed the defendant to a private cell on October 6th in an effort to elicit a confession. At that time, Officer Juillerat also informed the defendant that his attorney might be able to get his bond lowered. Defendant was then informed of his rights and gave a written waiver of them to the officer. He then proceeded to state orally that he had committed the burglary in question.

Almost twenty-four hours later, the interrogation was resumed. Defendant on this occasion requested that his wife be present at the interview and this request was granted. Defendant, according to Officer Juillerat, again waived his rights and wrote out and signed a confession. The police, however, had not notified the defendant's attorney of these interrogations, although they knew that he was represented by counsel.

The State bears a heavy burden of proving, beyond a reasonable doubt, that the confession was voluntary; that is that the defendant knowingly, voluntarily and intelligently waived his right to remain silent and to consult with counsel. *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Kizer v. State*, (1979) Ind., 392 N.E.2d 466. The traditional standard which the trial court must use in resolving the question of admissibility is aptly stated in *Johnson v. Zerbst*, (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461:

"A waiver is ordinarily an intentional relinquishment of a known right or privilege. The determination of whether there has been an intelligent waiver * * must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

When reviewing the denial of a motion to suppress a confession and the admission of that confession at trial, we do not reweigh the evidence. Rather, we look to the evidence supportive of the trial court's ruling to determine if it was substantial and probative and hence sufficient to sustain that ruling. *Jackson v. State*, (1981) Ind., 411 N.E.2d 609; *Murphy v. State*, (1977) 267 Ind. 184, 369 N.E.2d 411.

Kern was adjudged competent to stand trial. He had been fully informed of his constitutional rights and acknowledged that he understood them, including the right to counsel and that counsel had been appointed for him. However, Kern asserts that, once the State knows an accused has counsel, that counsel must be notified before further interviews with the accused are conducted.

A defendant may, of course, interrupt an interrogation and request counsel, or voluntarily waive his rights. *Thompson v. State*, (1980) Ind.App., 400 N.E.2d 1151. Representation by an attorney does not mean that law enforcement officials cannot procure a statement from a defendant without notice to the attorney. *United States v. Springer*, (7th Cir. 1972) 460 F.2d 1344, *cert. denied*, (1972) 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125; *Murphy v. State, supra*. Notice or lack thereof to defendant's attorney, that an interrogation is to commence and that a statement might be procured, is but one important fact that should be considered by the trial court with a critical eye. It is part of the totality of the circumstances which must be reviewed to determine whether the State has met its heavy burden of proof. *Porter v. State*, (1979) Ind., 391 N.E.2d 801.

It should be noted that although not *per se* impermissible, we do not approve of the practice of custodial interrogation without prior notice to counsel. Without it, the accused's right to effective representation may be jeopardized. Specific acknowledgment by the defendant that he knew that counsel had been appointed and that he nevertheless knowingly waived his presence is a strong factor supporting findings of a voluntary waiver and a voluntary confession. The incriminating statements made by the defendant were properly held admissible by the trial court.

## ISSUE II

The defendant contends that the trial court admitted into evidence, over his objections, State's Exhibits Nos. 15A and 15B without a proper foundation therefor. Exhibit No. 15A is an envelope bearing a return address to "Mike Kern." Exhibit No. 15B is a letter signed by one "Mike" and making reference to a shotgun similar to the one taken by the intruder from the victim.

The recipient of the exhibits, Randy McClain, testified that he had known the defendant for some time, that the defendant had given him a shotgun, that he had written to the defendant in the past, and that the letter he had received from "Mike" contained familiar references. The exhibits were relevant to the State's case and satisfied minimal requirements of authentication and foundation. Any fact which legitimately tends to connect a defendant in some degree with a crime, is admissible. *Hill v. State*, (1978) 267 Ind. 480, 371 N.E.2d 1303. A positive foundation was not needed for these exhibits as they are self-au-

thenticating. They appear, upon their face and from the testimony of the witness, McClain, to have originated with the defendant and give rise to a logical inference to that effect.

## ISSUE III

The defendant's sufficiency of the evidence challenge presumes the improper admission of his confession. However, since we have held that his confession was properly admitted, this is a moot issue. *Fleener v. State*, (1980) Ind., 412 N.E.2d 778.

## ISSUE IV

The defendant contends that the trial court erred in increasing his sentence by twenty years beyond the basic or presumptive term provided by Ind.Code § 35–43–2–1 (Burns 1979).

The record of the trial court's finding of aggravating circumstances follows:

The defendant, Michael D. Kern, having been found guilty by a jury on the 21st day of November, 1979, of the crime of Burglary of a Dwelling Resulting in Bodily Injury * * * and the court having entered judgment of conviction * * * sentences the defendant to thirty (30) years at the Indiana Department of Corrections for classifications and confinement and finds aggravating circumstances such that the defendant has a history of criminal activity, the defendant is in need of correctional or rehabilitive treatment that can be best provided by the commitment to a penal facility and further that the imposition of probation would appreciate the seriousness of the crime. Further that the crime herein charged and herein committed was a serious and aggravated offense. Further that the crime was to a dwelling and further that injury was committed during the commission of such crime.

When sentencing felons, trial courts must strictly adhere to the dictates of Ind.Code § 35–4.1–4–3 (35–50–1A–3) (Burns 1979). The statute requires the court to conduct a hearing into the facts and circumstances relevant to a sentence and to provide a written report detailing the reasons for the selection of a sentence where aggravating or mitigating circumstances are present. As we have recently detailed in *Page v. State*, (1981) (review after remand) Ind., 424 N.E.2d 1021, a judge must articulate his mental processes whereby sentencing conclusions are reached. For the reasons related in *Page, supra,* we find this record inadequate to inform us of the reasons and logic supporting the sentencing. We remain unsure that the addition of twenty (20) years to the basic sentence of thirty (30) years for this defendant is justifiable.

The cause is remanded to the trial court to state its reasons for enhancing the basic sentence of thirty (30) years, or alternatively, to modify the sentence.

We find no reversible error, and in all other respects the judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

## SUPPLEMENTAL OPINION

PRENTICE, J.

This case was remanded on October 6, 1981, for a more complete statement of reasons for the enhancement of the sentence in accord with the provisions of *Page v. State*, (1981) Ind., 424 N.E.2d 1021, or alternatively to reduce the sentence to the basic or presumptive sentence of thirty (30) years. The cause is now before us upon the statement of aggravated circumstances filed November 17, 1981 in response to said remand.

Supplementing the prior statement, it is now reported by the Trial Judge that the defendant's crime was committed while he was at liberty under bond on a prior charge of burglary and battery and upon which charge he was subsequently convicted prior to his trial in this matter.

It is further reported that the defendant's crime herein entailed severe violence and was committed by plan and deliberation.

The record is now supportive of the Trial Judge's previous statement that the defendant has a prior history of criminal activity and is in need of correctional or rehabilitative treatment that can be best provided by commitment to a penal facility.

The sentence imposed upon the defendant is not manifestly unreasonable in light of the nature of the offense and the character of the offender. Indiana Appellate Review of Sentences Rule 2.

The judgment of the trial court is, in all things, affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.