John MURPHY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1081S274.

Supreme Court of Indiana.

July 2, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner plead guilty to a charge of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and following the trial court's questioning of the Petitioner about the plea agreement, the court accepted the plea agreement and sentenced the Petitioner to fifty (50) years imprisonment. Petitioner filed for postconviction relief pursuant to Ind.R.A.P. 4(A)(7), which petition was denied following a hearing on May 6, 1981. This appeal is from that judgment and assigns the following errors for review:

(1) Whether the Petitioner's guilty plea was knowingly, intelligently and voluntarily made?

(2) Whether the trial court erred in its sentencing of the Defendant?

\*    \*    \*    \*    \*    \*

## ISSUE I

For a guilty plea to be valid and binding upon the accused, it must be made intelligently and knowingly and with the approval of a judge who advised the accused of his rights and the possible sentence and who considered the nature and factual basis for the plea. Ind.Code § 35–4.1–1–3 (Burns 1979) *Brimhall v. State*, (1972) 258 Ind. 153, 279 N.E.2d 557. Petitioner asserts this standard was not met in his case. In exchange for the accused pleading guilty to the charge of Burglary, the State agreed to drop a charge of unlawful deviate conduct, although no specific sentence was recommended to the trial court. Petitioner argues that he did not comprehend the conse-

quences of the plea and neither his attorney nor the trial court advised him of the consequences of his plea. Such a contention is without foundation in the record.

The record reveals that the trial court closely scrutinized the Petitioner's guilty plea and reasonably believed that the offered plea was freely and knowingly given. At the guilty plea hearing, the trial court asked Petitioner whether he understood the consequences of a guilty plea, whether the plea had been coerced, whether Petitioner knew the potential sentence on his charge, and whether he had talked over the plea with his attorney. Each question was answered in the affirmative. The record shows that the defendant expressly stated at the time of the plea that he knew he could receive a sentence of 50 flat upon his plea to burglary.

Petitioner bore the burden, at the post conviction hearing, of proving his contentions by a preponderance of the evidence and now stands in the position of one appealing from a negative judgment. We will disturb the trial court's judgment as being contrary to law only where the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion. Here, the record of the guilty plea hearing supports the trial judge's finding that, contrary to Petitioner's testimony, his guilty plea was entered intelligently, and knowingly, and voluntarily. *Popplewell v. State*, (1981) Ind., 428 N.E.2d 15.

## ISSUE II

Petitioner next argues that the trial court erred when it imposed a fifty (50) year sentence without detailing the reasons for selecting that sentence as required by Ind. Code § 35–4.1–4–3 (35–50–1A–3) (Burns 1979).

At the Guilty Plea and Sentencing Hearing, the trial court responded to the accused's statement that he was sorry that he had committed the crime, as follows:

"Well, I'm sure you are. You're twenty-two years old, six years ago you had a

robbery, you've been ungovernable and you've had thefts as an adult, now this is what's interesting. August of '74, armed robbery, a year at the farm, released in May of '75. November of '75, robbery. You got a one to ten, you did a year and a half, see in this case there was a lady held prisoner in her home for an hour, threatening to assault her sexually, armed with a club. Defendant still on parole for that, is that right, you're still on parole?" (Record at 152–153.)

Later in the hearing, the trial court specifically sentenced the accused to a period of "fifty years flat" without detailing the reasons for enhancing the sentence above the presumptive period of thirty (30) years.

Petitioner correctly asserts that the trial court must detail the reasons for imposing the sentence, including facts from the record. *Page v. State*, (1981) Ind., 424 N.E.2d 1021. Specific aggravating or mitigating facts taken into account by the trial court in its mental processes in sentencing are included in that information which must be provided by the trial court. *Kern v. State*, (1981) Ind., 426 N.E.2d 385, 388.

However, the aggravating circumstances found by the trial court to be appropriate reasons for imposing an enhanced sentence were reflected in the record of the guilty plea hearing and are not in dispute. Although the record of the sentencing does not comport to the standards set forth in *Kern* (*supra*) and leaves much to be desired, the trial court's earlier statement enables us to draw a conclusion as to the reasonableness of the sentence. The Petitioner has thus failed to meet his burden of proving that his sentence was erroneous. Ind.R.P.C. 1, § 1(a)(3).

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.