Rocky NEVILLE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1081S300.

Supreme Court of Indiana.

Oct. 8, 1982.

Susan K. Carpenter, Public Defender of Ind., Carr L. Darden, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and sentenced to fifteen (15) years imprisonment. This appeal from the denial of a petition for post-conviction relief seeks review from two issues:

(1) Whether the plea of guilty was induced by the promise of a suspended sentence.

(2) Whether the trial court erred in sentencing the petitioner.

On April 14, 1978, petitioner and an accomplice broke into a residence with the intent to commit theft therein, but were interrupted by the owner of the gnsidence. After they threatened the owner, they fled, taking with them certain finger rings found in the residence. Shortly thereafter, they were arrested.

At trial, the accomplice was found guilty of burglary and sentenced to fifteen (15) years imprisonment. Before petitioner could be brought to trial, plea negotiations were held, and the petitioner entered a plea of guilty. He was subsequently sentenced to the same period of imprisonment as was the accomplice.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

Petitioner contends that his guilty plea was not voluntary because it was induced

by a promise of leniency. He claims that the prosecutor promised that he would receive a sentence less than the sentence received by his accomplice.

"A guilty plea, if induced by promises * * which deprive it of the character of a voluntary act, is void." *Machibroda v. United States,* (1962) 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478. However, the frustration of an expectation of a lesser penalty, without more, will not affect the validity of the plea. *Dube v. State,* (1971) 257 Ind. 398, 275 N.E.2d 7.

 In essence, the question presented is whether the facts and circumstances surrounding the petitioner's plea demonstrate that it was not voluntary, because it had been induced by a promise, in which case the trial court would have been required to vacate it. Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. *Lamb v. State,* (1975) 263 Ind. 137, 325 N.E.2d 180. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State,* (1980) Ind., 413 N.E.2d 880, 882. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State,* (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740.

Defendant cites a series of cases, including *Dube, supra,* and *Watson v. State,* (1973) 261 Ind. 97, 300 N.E.2d 354. However, the facts of those cases differ substantially from those of the petitioner's case. The record of the guilty plea hearing reflects that the court specifically asked him whether or not any promise had been made to him and he replied negatively. He repeated that response at the post conviction hearing, and the prosecutor gave a like response. The court also advised the petitioner, at the guilty plea hearing, that recommendations of the prosecutor were not binding upon the court, and he said that he understood.

 The most that can be said in petitioner's behalf is that the record discloses that he may have had an expectation of receiving a sentence less severe than that imposed upon his co-defendant who stood trial and was found guilty and was also sentenced to fifteen (15) years imprisonment. He has not come close to carrying his burden of proof.

ISSUE II

 Petitioner contends that the trial court erred in increasing his sentence by five years beyond the basic presumptive term provided by Ind.Code § 35–50–2–5 (Burns 1979). As we have recently written, "Factors listed as aggravating * * * are ultimate facts and require a finding of subsidiary facts to support them." *Page v. State,* (1981) Ind., 424 N.E.2d 1021, 1023, *Kern v. State,* (1981) Ind., 426 N.E.2d 385, both of which were decided subsequent to the rendition of the sentence herein. The record of the sentencing is inadequate, under the rule of those cases, because it does not inform us of the reasons supporting the enhancement in detail sufficient to enable us to make an independent judgment as to the reasonableness of the sentence.

Petitioner asks that we order his sentence vacated or, alternatively, reduced to the presumptive period, not because he has demonstrated that it was unlawful or excessive but, rather, because the sentencing judge failed to make a record adequate for our review and determination. If the record of the sentencing were before us, on direct appeal, upon a claim that the sentence was manifestly unreasonable, we would remand with instructions to follow the mandate of *Page, supra,* and *Kern, supra,* but no more. The post conviction hearing has accomplished the purpose of such a remand. The findings, although not as detailed as they should be to satisfy our requirements of a sentencing record, nevertheless, support the conclusion stated in the sentencing record that the aggravating circumstances outweighed the mitigating circumstances; and petitioner has not challenged the findings as either contrary to or not supported by the evidence.

The court's conclusion No. 8 to the effect that the record of the sentencing was adequate is incorrect, under our holdings in *Page, supra,* and *Kern, supra.* However, the error is not fatal to the judgment. Again, the burden was on the petitioner. Upon this issue, to be entitled to the relief sought, petitioner was required to show, by a preponderance of the evidence, that the sentence was unlawful or manifestly unreasonable and not merely that the record of the sentencing was inadequate.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.