**Merle Lee SATER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S351.**

Supreme Court of Indiana.

Dec. 3, 1982.

Richard S. Harrison, Cotner, Mann & Chapman, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Merle Lee Sater, Jr., was found guilty by a jury of robbery, a class A felony, for which he received a term of thirty (30) years, and conspiracy to commit the offense of robbery, for which he received a term of five (5) years.

He raises two issues for our consideration in this direct appeal, as follows: 1) error of the trial judge in admitting testimony regarding a volunteered statement by the Appellant while incarcerated, and 2) error of the trial judge in refusing to instruct the jury on lesser included offenses.

The facts tend to show that on December 24, 1980, the Appellant, his brother, Jack Sater, Gary Taylor, Bud Harden, Doug Pitman, and Lee Harden, gathered at the home of John and Linda Grubbs. Bud Harden told the others he knew where some money was and if they all helped they could get it. They acquired four ski masks and a 12 gauge shotgun. They waited until early morning and then left together for the home of Albert Steward and his wife, Viola. Albert was 79 years of age and his wife Viola was 82. The Steward's dog awakened Mrs. Steward and she came to the door asking them what they wanted. They said they wanted to use the phone and she told

them they had no phone. They then broke through the kitchen door and robbed the Stewards of four-thousand ($4,000) dollars, which was never recovered. In the process, both Mr. and Mrs. Steward were beaten and Mrs. Steward's arm was broken.

## I

■ Bloomington Police Officer, Detective Sergeant Blocksom, testified regarding incriminating statements made by Appellant to Officer Blockson while Appellant was incarcerated in the Monroe County Jail awaiting trial. Appellant had appointed counsel at the time but his attorney was not present during the statements and Sergeant Blocksom did not advise Appellant of his right to have his attorney present. The circumstances involved here are agreed to by all parties, however, and it appears that Sergeant Blocksom was not talking to Appellant with a view toward interrogating him. Appellant had indicated to a deputy sheriff that he wanted to talk to Sergeant Blocksom. He had previously talked to Sergeant Blocksom about his family and a girlfriend being harassed by people because of Appellant's involvement in this crime. The discussion with Sergeant Blocksom and the statements he made were voluntarily made and were not the subject of interrogation. When Blocksom met with Appellant, Appellant made a statement to the effect: "I don't want my family and my girlfriend harassed because of something my brother and I did or because of a crime my brother and I committed." Appellant admits that these statements were not made as a response to interrogation by Sergeant Blocksom and he further admits that the *Miranda* rights have no application to the statements made to the police officer here. As a matter of fact, all parties agree that there was no occasion for Sergeant Blocksom to advise the Appellant of his *Miranda* rights because he had no intention to interrogate him and he had no knowledge that Appellant was about to make a self-incriminating statement. Appellant's only argument seems to be that there is not evidence of a voluntary waiver sufficient to make the statements admissible into evidence. He

first filed a Motion in Limine asking the court to prohibit the State from bringing forth such testimony by Sergeant Blocksom. The court denied this Motion. When the testimony was offered by the State, the Appellant again objected to such testimony and the court overruled the objection. We have previously held that the mere fact that a defendant is represented by an attorney does not mean that law enforcement officials cannot procure a statement from the defendant without notice to the attorney. *Kern v. State,* (1981) Ind., 426 N.E.2d 385; *United States v. Springer,* (7th Cir. 1972) 460 F.2d 1344, *cert. denied,* 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125.

On this issue, as on all other issues decided by the trial court, we do not reweigh the evidence but rather consider that evidence which supports the trial court's ruling. If the ruling is supported by substantial probative evidence it will not be disturbed on appeal. *Kern, supra; Jackson v. State,* (1980) Ind., 411 N.E.2d 609.

## II

■ Defendant tendered his instruction No. 6, which advised the jury of the lesser included offense of class C robbery and also the lesser included offense of theft. The trial court denied this tendered instruction. Final instructions No. 8 and 13 given by the court did instruct the jury on robbery, a class A felony, defining to them the various classes of robbery, namely, class C, simple robbery, class B, robbery in which a deadly weapon is used and class A, one resulting in bodily injury. Instruction 13 defined the crime of conspiracy to commit robbery. It is Appellant's contention that he had a right to an instruction on the lesser included offenses of class C robbery and theft, since there was conflict among all of the defendants as to which of them actually carried the shotgun into the home and which of them actually inflicted the injuries upon the two victims. The evidence showed that six men came into the yards of the victims and that four of them put on ski masks, one of them carrying a shotgun, and went into the home, robbing the Stewards

and beating both of them. The beating resulted in a broken arm and broken nose to Viola Steward. Appellant was one of the persons who went into the home and committed this robbery. There was conflict among all four of them as to which one actually carried the gun and which one actually inflicted the injuries upon the Stewards. It is, therefore, Appellant's contention that the jury could find that he committed only simple robbery and neither carried the weapon nor inflicted physical injury upon the victims or that he committed only theft. This conflict, however, does not have the significance the Appellant assigns to it. All of the evidence, including that given by three of the perpetrators of the crime, was that four persons, one being the Appellant, entered the home of the Stewards, committed the robbery, including the use of the weapon, and the beating that resulted in physical injury to the Stewards. There was direct evidence that Appellant was the one who beat the Stewards and there also was evidence that one of the other perpetrators did the beating. Since all of the acts were committed by all of the four, however, Appellant stood in the position of aiding and abetting the other three perpetrators and is equally guilty of any act committed by any of them. There was, therefore, evidence justifying the trial court in instructing the jury on class A felony. At the same time, the evidence did not justify the court in instructing the jury in the lesser included offenses of class C felony or theft. The evidence directly and adequately showed that class A felony was committed and there was no evidence justifying a lesser verdict short of a compromise verdict. The jury was, accordingly, properly instructed and the trial court did not err in refusing Defendant's tendered instruction No. 6. *Cambridge v. State,* (1981) Ind., 428 N.E.2d 1252, *reh. denied* (1982); *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239; *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208.

The trial court is in all things affirmed.

All Justices concur.