**Larry B. FARINA, Appellant**
**(Defendant Below)**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below)**

**No. 182S7.**

Supreme Court of Indiana.

Dec. 28, 1982.

William T. Enslen, Robert M. Mirkov, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of three counts of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and was sentenced to twenty (20) years imprisonment upon each count, said terms to run concurrently. This direct appeal seeks review upon the following issues:

(1) Whether the trial court erred in admitting inculpatory oral statements made to a police officer.

(2) Whether the trial court erred in denying Defendant's motions for directed verdicts upon two of the aforesaid counts.

(3) Whether the guilty verdicts were sustained by the evidence.

(4) Whether the trial court erred in sentencing the Defendant.

On May 6, 1980, Defendant was arrested in Illinois while driving a stolen vehicle. In the automobile were articles of jewelry previously reported as stolen on May 4, 1980 from the Munster, Indiana owner of the vehicle. Munster Police Officer Steven Pestikas was sent to Illinois to interrogate Defendant. As the two men met, they recalled that the Officer had interrogated Defendant in 1977 regarding several 1977 Munster burglaries. During that previous interrogation, Defendant had made admissions concerning two burglaries, but no charges concerning them were ever filed.

Defendant had refused to make any statements to the police following his 1980 arrest until Officer Pestikas arrived. However, when he arrived and was recognized by Defendant, he signed a waiver form and the interrogation commenced. Defendant contends that he never intended to make a statement but that when Officer Pestikas stated that he just wanted to "clear things up," or words to that effect and as had occurred in 1977, Defendant responded in the belief that he would not be charged with the burglaries. Defendant also signed a consent to search form. His apartment was then searched, and possessions belonging to one of the three Munster burglary victims were found therein.

\*     \*     \*

## ISSUE I

Defendant assigns error to the trial court's denial of his motion to suppress the oral statements given to Officer Pestikas, and to the admission of those statements into evidence. He contends that the officer induced him, by undue influence, to confess to the burglaries.

When the voluntariness of an incriminating statement to the police is challenged,

"It is the State's burden to prove, beyond a reasonable doubt, that the defendant voluntarily and intelligently waived his rights, and that the defendant's confession was voluntarily given. In considering whether the burden was satisfied we look at the totality of the circumstances to determine whether there was any inducement by way of violence,

threats, promises or other improper influence. However, in reviewing the trial court's ruling upon the issue, we will consider only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in the defendant's favor. (Citations omitted) *Jackson v. State,* (1980) Ind., 411 N.E.2d 609, 610–611.

At the suppression hearing, Defendant acknowledged that he had been advised of his constitutional rights and that he had signed a waiver of them. He also testified that he had been aware of charges pending against him in other states. But he also testified that when Officer Pestikas had spoken of "clearing up those burglaries in Indiana" he assumed that the officer simply wanted to "clear the sheet" before holding Defendant accountable for the other pending charges, and that "nothing would come of this."

However, Officer Pestikas testified that he never discussed possible pending charges with Defendant, except for those that might have arisen out of the theft of the automobile. He freely acknowledged that in questioning Defendant he used tactics that had once before resulted in his admission that he had committed burglaries. The officer may have benefited from the trust established with the Defendant from the 1977 interrogation, but the record is devoid of any evidence that Defendant's 1980 admissions were given in exchange for a direct or implied assurance by Officer Pestikas that he would not be charged with the instant offenses.

█ Under our standard of review, the court, as trier of fact, is not obligated to credit Defendant's subjective view of the circumstances. *See Kizer v. State,* (1979) Ind., 392 N.E.2d 466. The trial court was warranted in finding under the evidence, that Defendant's statement was not induced by improper representations by the officer and that it was given voluntarily and knowingly.

## ISSUES II & III

Both issues are addressed to the sufficiency of the evidence.

██ Defendant moved for a directed verdict on two of the counts of burglary at the close of the State's evidence and following the trial court's denial of the motion, he rested. Both assignments are premised upon the assumption that his aforementioned inculpatory statements were improperly admitted into evidence. The testimony of the victims of each burglary properly established the *corpus delicti,* that on May 4, 1980, there was a breaking and entering of the dwellings of three separate Munster residents with the intent to commit a felony, to wit, theft, which was in fact committed.

Defendant's oral statements, as related by Officer Pestikas at trial, detailed the Defendant's commission of the offenses. In view of our determination that the statements were admissible, these assignments of error are without foundation.

## ISSUE IV

Defendant next assigns error to the imposition of the enhanced sentence for each of three counts of Burglary.

The basic sentence for Burglary, a Class B felony, is ten (10) years. As required by Ind.Code § 35–4.1–4–3 (35–50–1A–3) (Burns 1979), the trial judge gave his reasons for enhancing the basic sentence as follows:

"1) The Defendant has recently violated the conditions of probation, parole, or pardon granted him.

"2) The Defendant has a history of criminal activity, and

"3) The Defendant is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility."

██ We have repeatedly held that mere listings of mitigating or aggravating factors is not enough since such findings are ultimate facts and require a finding of subsidiary facts to support them. *Page v. State,* (1981) Ind., 424 N.E.2d 1021. The record must show a relation of the facts of the specific crime to the sentence imposed and the objectives served by that sentence. *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. As in the instant case, the record of reasons for the imposition of the sentence in *Kern v. State,* (1981) Ind., 426 N.E.2d 385, merely listed Defendant's "criminal activity" and "need for rehabilitative treatment." As in *Kern,* the incidents comprising such history must be specifically recited, and the judge's conclusion of the need for treatment requires a statement of facts to evidence its validity. Furthermore, the incidents comprising the violations of probation, parole, or pardon must be similarly detailed. *The statement supportive of enhanced or consecutive sentences should not be grudgingly given.*

██ We find this record to be inadequate to inform us adequately of the reasons and logic supporting the sentencing. The cause is, therefore, remanded to the trial court with instructions to supplement its statement of its reason for having enhanced the sentences, as aforesaid, or alternatively to modify them.

We find no reversible error, and in all other respects the judgment is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.