**Elbert PERRY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 382S119.**

Supreme Court of Indiana.

April 22, 1983.

Michael L. Rogers, North Vernon, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) pled guilty to Voluntary Manslaughter, Ind.Code § 35–42–1–3 (Burns 1979) and was fined five thousand dollars ($5,000.00) and sentenced to twenty (20) years imprisonment. On appeal, he presents only one issue: whether the trial court abused its discretion in enhancing the presumptive sentence by ten years.

Before proceeding to Defendant's contentions, we note the standard of review, Ind. R.App.Rev.Sen. 2:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

■ Defendant first contends that the trial court failed to consider factors relevant to Ind.Code § 35–4.1–4–7(a) (35–50–1A–7(a) (Burns 1979)):

"In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

Specifically, he refers to his chronic kidney ailment, which requires dialysis treatments three times per week, and to the victim's, his wife's, openly adulterous behavior, which, contrary to Defendant's argument, is not a mitigating circumstance and does not indicate that Defendant is unlikely to commit another crime. Defendant cites nothing in the record which discloses that dialysis treatments are unavailable during incarceration. The record reveals nothing, which suggests that the sentence is manifestly unreasonable upon these grounds.

Defendant next points to Ind.Code § 35–4.1–4–7(b) (35–50–1A–7(b) (Burns 1979)), the mitigating circumstances provision. He notes facts (justifications) surrounding the incident and facts relevant to his character, all of which assertedly support eight (8) of the ten (10) subsections in the provision. In determining the sentence, the trial court was not obligated to credit or attach great weight to Defendant's evidence of mitigating circumstances.[1] The provision, using the word "may", is cast in discretionary terms. *Cornelius v. State,* (1981) Ind., 425 N.E.2d 616, 619. Moreover, even had the trial court found mitigating circumstances, it, nevertheless, had the discretion to weigh those circumstances against aggravating circumstances, if any, and thereafter, to increase or decrease the sentence within the statutory limitations. *Abercrombie v. State,* (1982) Ind., 441 N.E.2d 442, 445; *Wolfe v. State,* (1981) Ind., 426 N.E.2d 647, 657.[2]

■ Defendant admits that he has a criminal record; however, he seeks to diminish its relevance by emphasizing its remoteness and its non-violent character. Neither factor precluded the trial court from considering the prior conviction as an aggravating circumstance. *Page v. State,* (1982) Ind., 442 N.E.2d 977, 978; *Harris v. State,* (1979) Ind., 396 N.E.2d 674, 677.

■ Additionally, Defendant argues, and we agree, that the trial court's statement of his criminal history was non-specif-

---

1. Nothing we stated in *Page v. State,* (1981) Ind., 424 N.E.2d 1021, 1023 diminishes the judge's options with respect to evaluating the evidence relevant to sentencing.

2. The record discloses that the trial court partially engaged in this weighing process. After noting Defendant's criminal record ("two previous felonies, four previous misdemeanors, ex-

cluding traffic and other petty misdemeanors."), the judge stated, "Although you have been substantially law abiding for five years, that is not sufficient in the court's mind to sentence you to the standard ten year term, nor to reduce your term in any respect." (R. at 163–64).

ic and conclusory and therefore not in compliance with *Page v. State,* (1981) Ind., 424 N.E.2d 1021. However, he did not present this claim in his motion to correct errors; consequently, because the record discloses the factual basis for the trial court's conclusion about Defendant's history of criminal activity, we must assume that counsel merely abandoned a meritless assignment of error. *Beasley v. State,* (1983) Ind. 445 N.E.2d 1372, 1375.

Defendant next claims that the trial court erred in "solely" utilizing a "Felony Worksheet", which contains sentencing criteria established by the Ohio Bar Foundation, to arrive at the sentence. This matter was not presented by the motion to correct errors. Additionally, the trial court stated, on the record, that it had consulted the pre-sentence investigation report and had considered the evidence presented at the sentencing hearing.

Next, Defendant notes that the trial court cited aggravating circumstances, which paraphrase the elements of Voluntary Manslaughter, and argues that such conclusions, without the underlying factual bases, are "unenlightening." We agree, but again, Defendant did not assign this claim in his motion to correct errors. If he had, we believe that the trial court would have expanded its conclusions to relate the specific circumstances of the offense which justified the imposition of the enhanced sentence. The judge did note that there "was no substantial provocation, justification or excuse." and referred to "previous threats." Defendant's further argument that the "seriousness of the crime" was taken into account by the Legislature when it classified Voluntary Manslaughter as a Class B felony is meritless. *Warthan v. State,* (1982) Ind., 440 N.E.2d 657, 662 (same argument rejected upon a conviction of Conspiracy to commit a Class B felony); *McNew v. State,* (1979) Ind., 391 N.E.2d 607, 611–12 (same argument rejected upon a conviction of Robbery, Class A felony).

Lastly, Defendant argues that the trial court's finding that he had made previous threats is unsubstantiated by the record.

The State does not address this contention, and we consider it to be insignificant. In light of the other aggravating circumstances, this one may be deemed surplusage. *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 487.

Although the trial court's statement of aggravating circumstances leaves much to be desired, *Murphy v. State,* (1982) Ind., 436 N.E.2d 802, 804, Defendant has not sustained his burden of demonstrating that the sentence imposed was manifestly unreasonable in light of the nature of the offense, which was a deliberate and unprovoked killing, and the character of the offender, who is a man with a criminal record, whose demeanor the trial judge was in the best position to assess, and about whom the probation officer stated in the pre-sentence investigation report, "In my opinion his philosophy is not to comply with law, but what he can get by with."

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.