Curtis L. CROWE, Wesley D. Crowe, Jr., Appellants-Defendants,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4-383A87.

Court of Appeals of Indiana,
Fourth District.

Nov. 22, 1983.

John P. Avery, Indianapolis, for appellants-defendants.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

Curtis L. Crowe and Wesley D. Crowe, Jr. (the Crowes) appeal their jury convictions for arson, a class B felony under IND. CODE 35–43–1–1(a) and possession of a molotov cocktail, a class C felony under IND. CODE 35–23–7–1.[1]

We affirm in part and remand.

1. IC 35–23–7–1 was repealed effective Sept. 1,

ISSUES

1. Did the trial court err by denying the Crowes' motion for change of venue from the judge?

2. Is there sufficient evidence to sustain the convictions?

3. Did the trial court state sufficient grounds to enhance the sentences imposed?

FACTS

On November 15, 1981, Helen Dawson was looking out the window of her neighbor's house. She saw the Crowes light molotov cocktail explosives and throw them at her home. On December 3, 1981, the Crowes were charged with arson and possession of molotov cocktails. The jury convicted them on both counts. The trial court sentenced each man to 10 years in prison for arson and 5 years for possession of a molotov cocktail, the sentences to run consecutively. The Crowes appeal.

DISCUSSION AND DECISION

*I. Change of Venue from Judge*

■ Initially, the Crowes argue the trial court erred by denying their motion for change of venue from the judge. They claim since Judge Jones had previously heard their guilty pleas and read pre-sentence reports about them, he was biased and could not be impartial at their jury trial. The State argues the Crowes' motion was not timely filed and the trial court did not abuse its discretion. We agree with the State.

Ind.Rules of Procedure, Criminal Rule 12 provides in part:

In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial.

1983 and recodified as IND.CODE 35–47–5–1.

Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion.

Here, the Crowes were charged on December 3, 1981, and pled not guilty on December 8th. At a pre-trial conference in April, the Crowes' offers to plead guilty were taken under advisement. Pre-sentence investigation reports were ordered and filed. On May 7, 1982, the cause was set for jury trial. The Crowes moved for a change of venue from the judge on August 11, 1982. It was denied.

Obviously, the Crowes did not satisfy the requirement they file the motion within ten days of their not guilty pleas. Even if the Crowes claim they did not have cause to make such a motion until their case was set for trial, the rule required them to allege "when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence." The Crowes' motion and accompanying affidavit and brief fail to do this. Furthermore, our supreme court refused to overturn the denial of such a motion in a case whose facts are very similar to those here. *Clemons v. State,* (1981) Ind., 424 N.E.2d 113. *See also White v. State,* (1982) Ind., 431 N.E.2d 488. The motion was properly denied.

## II. Sufficiency of the Evidence

Next, the Crowes argue there is insufficient evidence to support their convictions. We disagree.

■ Our standard of review on sufficiency issues is well known. We will not reweigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. If there is substantial probative evidence to support the conviction, we will affirm it. *McMillian v. State,* (1983) Ind., 450 N.E.2d 996, 999.

■ As to the arson convictions, the Crowes claim the house damaged was not the residence of Helen Dawson or her son. However, at trial, Ms. Dawson stated she lived in the house at the time of the arson but she was not inside the home at that moment. This is sufficient to meet the definition of "dwelling of another" under our standard of review.

■ On the convictions for possession of a molotov cocktail, the Crowes argue Helen Dawson's identification testimony was inherently incredible and unbelievable and ask us to ignore the evidence that the molotov cocktails damaged the house. The incidents in Ms. Dawson's past effect the weight and credibility of her testimony, not its admissibility. We do not find her testimony to be inherently incredible. *See Haskett v. State,* (1979) 271 Ind. 648, 395 N.E.2d 229. Furthermore, there was evidence the molotov cocktails did damage the house. We will not reweigh the evidence. It is sufficient to sustain the convictions.

## III. Sentencing

■ Finally, the Crowes argue the trial court failed to state sufficient grounds to enhance the sentences imposed.[2] We agree.

---

**2.** The Crowes also assert the trial court erred by failing to find or state why it did not find mitigating circumstances. The finding of mitigating circumstances is within the discretion of the trial court. *Cornelius v. State,* (1981) Ind., 425 N.E.2d 616. It did not abuse that discretion here. Furthermore, the Crowes cite no authority that the trial court must set out why it finds no mitigating facts.

As stated by our supreme court in *Farina v. State,* (1982) Ind., 442 N.E.2d 1104:

We have repeatedly held that mere listings of mitigating or aggravating factors is not enough since such findings are ultimate facts and require a finding of subsidiary facts to support them. *Page v. State,* (1981) Ind., 424 N.E.2d 1021. The record must show a relation of the facts of the specific crime to the sentence imposed and the objectives served by that sentence. *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. As in the instant case, the record of reasons for the imposition of the sentence in *Kern v. State,* (1981) Ind., 426 N.E.2d 385, merely listed Defendant's "criminal activity" and "need for rehabilitative treatment." As in *Kern,* the incidents comprising such history must be specifically recited, and the judge's conclusion of the need for treatment requires a statement of facts to evidence its validity.

*Id.* at 1106.

Here, the presumptive sentence for arson is 10 years while the presumptive sentence for possession of a molotov cocktail is 5 years. The trial court sentenced each of the Crowes to the presumptive sentence and then ordered the sentences to be served consecutively. The court found no mitigating factors and then stated the following:

The Court is also required by statute to consider aggravating factors and in doing so the Court does take into consideration the Defendant's previous criminal history, the fact that the Defendant's [sic] are in need of correctional rehabilitative treatment that can only be provided by a commitment to a penal facility. Certainly imposition of any reduced sentence would depreciate the seriousness of crimes that were committed.

This is insufficient. The trial court has merely "tracked" the statute and has failed to set out specific facts to support its findings. We, therefore, remand to the trial court with instructions to supplement its statement of its reasons for enhancing the sentences, or alternatively, to modify them.[3]

Affirmed in part and remanded.

YOUNG, J., and GARRARD, J. (sitting by designation), concur.

---

**3.** The Crowes ask us not to remand on this issue claiming Judge Jones will take offense at that action and will not be impartial. However, they present no evidence Judge Jones will be unable or unwilling to carry out his judicial duties fairly and impartially. Therefore, their argument has no merit.