**Jimmy L. TOWNSEND, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 49S00–8601–CR–9.

Supreme Court of Indiana.

Oct. 21, 1986.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Jimmy L. Townsend appeals his convictions of robbery, a class B felony[1], and confinement, a class B felony[2]. Defendant was sentenced to consecutive terms of twenty (20) years imprisonment for each offense. This direct appeal asserts the following issues: 1) inconsistent findings; 2) insufficiency of the evidence; 3) failure to grant continuance; and, 4) inadequate sentencing findings.

## ISSUE I

Defendant first argues that the trial court erroneously made inconsistent findings when it determined that the defendant was not guilty of carrying a handgun without a license, but guilty of using a handgun to commit robbery and confinement. Defendant was charged with three offenses. The crimes of robbery and confinement were charged as class B felonies because of the allegation that defendant was armed with a handgun as a deadly weapon. In the third count, defendant was charged with carrying a handgun without a license[3]

---

1. Ind.Code § 35–42–5–1.

2. Ind.Code § 35–42–3–3.

3. Ind.Code § 35–47–2–1.

as a class D felony by alleging that the defendant had a prior conviction for the same type of offense.[4] Following his trial to the court, without a jury, the defendant was convicted of the first two counts, but acquitted as to Count III.

■ This Court has looked and will continue to look at findings and verdicts to determine if they are inconsistent. But perfect logical consistency should not be demanded, and only extremely contradictory and irreconcilable verdicts warrant corrective action by this Court. *Parrish v. State* (1983), Ind., 453 N.E.2d 234, 239; *Marsh v. State* (1979), 271 Ind. 454, 393 N.E.2d 757.

■ In the case at bar, the findings are not necessarily inconsistent. It is true that the robbery and confinement counts, as charged, required proof that the defendant was armed with a handgun. However, conviction of the unlicensed handgun count as charged would have required not only proof that defendant was carrying a handgun, but also proof that defendant had previously been convicted of a similar offense. Thus, the acquittal does not necessarily and exclusively compel the conclusion that defendant was unarmed. We therefore hold that the judgments were not so inconsistent as to require a reversal.

### ISSUE II

Defendant next challenges the sufficiency of the evidence supporting his convictions.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The following facts support the convictions. Early in the morning of June 28, 1985, defendant entered an Indianapolis convenience store. Holding a handgun, he stood in front of the cashier and ordered her not to close the cash register drawer. Defendant then instructed the cashier to take money out of the drawer and to put it in a sack. He also demanded cigarettes and lighters. The cashier complied, but triggered an alarm as she removed the money. While the cashier was removing the money, defendant told her that he either wanted to kill her or that he was going to take her with him. After the sack was filled, defendant told the victim that he wanted her to go somewhere out of the way and that he wanted her to be quiet. In response to defendant's request, the cashier went into a back room. She testified that she was frightened because of defendant's earlier threats. Police apprehended defendant in the parking lot. He was armed with a .38 caliber revolver. As the arresting officer disarmed him, defendant dropped a paper bag containing lighters and cigarettes.

To support his contentions of insufficient evidence, defendant emphasizes alleged evidentiary discrepancies: no money was recovered from the defendant, a customer watching from outside the store did not observe a gun, and the cashier's movement to the back room was consensual rather than compelled. These are matters of weight and credibility for determination by the fact-finder. We find that the court could reasonably find the defendant guilty beyond a reasonable doubt.

### ISSUE III

■ Defendant next contends that the trial court erred in refusing to grant him a continuance requested during the sentencing hearing for the purpose of investigating whether or not the defendant was under medication at the time of the offense. This issue had not been previously raised at any time. The defendant had already been granted a prior one-week delay in the sen-

---

4. Ind.Code § 35–47–2–23(c).

tencing. The trial court's decision in granting or denying a continuance will be reversed only for an abuse of discretion. *Woods v. State* (1985), Ind., 484 N.E.2d 3. No information was provided to explain defendant's inability to complete his investigation of any desired evidence before the sentencing hearing. We do not find any abuse of discretion in refusing to grant the request for continuance.

### ISSUE IV

Defendant finally contends that the trial court's sentencing statement was inadequate to support the enhanced sentences imposed. As to each of the two class B felonies for which defendant was convicted, the presumptive sentence is ten (10) years. The trial court enhanced each by an additional ten (10) years, and ordered the sentences to be served consecutively rather than concurrently. In imposing the sentence, the trial court's sentencing statement finds various aggravating circumstances including possession of a loaded gun, threatening the life of the victim, and prior criminal history. There is no mention of any mitigating circumstances.

Defendant contends that the trial court erroneously used, as aggravating circumstances, the same elements which constituted the crimes in question. He also complains that the statement failed to find mitigating circumstances and sufficiently explain aggravating circumstances.

■■■ Ind.Code § 35–38–1–3 requires that if the trial court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: a) identification of all significant mitigating and aggravating circumstances found, b) specific facts and reasons which lead the court to find the existence of each such circumstance, and c) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), 493 N.E.2d 1250; *Jones v. State*

(1984), Ind., 467 N.E.2d 681. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. The trial court should not simply repeat statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519; *Page v. State* (1981), Ind., 424 N.E.2d 1021. The statement supportive of enhanced or consecutive sentences should not be grudgingly given. *Farina v. State* (1982), Ind., 442 N.E.2d 1104, 1106.

■■■ The mere fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence, but the particularized individual circumstances may constitute a separate aggravating circumstance. *Green v. State* (1981), Ind., 424 N.E.2d 1014; *Washington v. State* (1981), Ind., 422 N.E.2d 1218; *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957.

The trial court's sentencing statement consists of the following:

On Count One (1), a class B felony, from the presumptive sentence of ten (10) years the Court finds aggravating circumstances, those being, number one (1), having a loaded gun, number two (2), threatening the life of the victim and, number three (3), his prior criminal history as set out in the presentence report, and more specifically the convictions on April nineteenth (19th), 1984, of recklessness with injury and violation of the Firearms Act, and on that basis the Court increases the sentence by ten (10) years, making it twenty (20) years on Count One (1). On Count Two (2), confinement, the Court once again from the presumptive sentence of ten (10) years finds aggravating circumstances, that being having a loaded gun, threatening the life of the victim, and three (3), his prior criminal history as the before set out and in the presentence report, and adds ten (10) years on that basis. So it will be twenty (20) years on Count Two (2). I'm going to have the counts run consecutive [sic], and find the aggravating circumstances to be, number one, having a loaded gun, number two (2), threatening the life of

the victim, and, number three (3), his prior criminal history as set out in the presentence report. So it will be a total of forty (40) years.

At sentencing, defense counsel requested the court to find as a mitigating circumstance the lack of defendant's "serious previous trouble." As shown by the sentencing statement, however, the trial court gave consideration to defendant's prior criminal history, but determined that it constituted an aggravating, not mitigating, circumstance.

 Failure to find mitigating circumstances when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered. *Jones v. State*, 467 N.E.2d at 683. We do not find the existence of any mitigating circumstances shown by the record which were not considered by the trial judge. In the absence of mitigating factors, we cannot require the trial court's statement of reason to articulate the balancing process between mitigating and aggravating factors.

 In the instant case, one of the three aggravating circumstances, defendant's prior criminal history, was sufficiently particularized. However, two of the aggravating circumstances, possession of the gun and threatening the victim, were elements of the crime for which the defendant was convicted, and thus, standing alone, cannot be considered as aggravating circumstances to support an enhanced sentence. If the trial court's imposition of the enhanced sentence resulted from consideration of the mere facts of weapon possession and threatening the victim, the sentence must be revised to exclude such considerations. However, if the enhanced sentence resulted from the trial court's consideration of the particularized circumstances of these factual elements, the trial court's sentencing statement must specify reasons why the use of the gun in this instance, or the manner in which the victim was threatened, constitute aggravating circumstances which support the imposition of the enhanced sentence.

Cause remanded to the trial court with instructions to enter new sentencing order and statement.

DeBRULER and SHEPARD, JJ., concur.

GIVAN, C.J., dissents.

PIVARNIK, J., concurs and dissents with opinion in which GIVAN, C.J., concurs.

PIVARNIK, Justice, concurring and dissenting.

I concur in this opinion with the exception of the finding by the majority that the court did not sufficiently set out aggravating circumstances in enhancing Appellant's sentences and finding that the terms be consecutive. It is true the elements of robbery include the taking of property from another by putting the victim in fear. In this case, a pistol was used and that was the basis of Appellant's conviction for robbery. There was an added element here, however, that the court noted in his findings. Appellant told the victim he was going to kill her or take her with him as a hostage. He did neither of these things, of course, and finally ordered her into another room. She stated she was frightened because of his threats to take her life. The trial judge noted this and also noted that in Appellant's past record were convictions in 1984 of recklessness with *injury and violation of the Firearms Act*. Thus, the trial court did find particular and peculiar facts in this case that warranted enhancement and the giving of consecutive sentences, those being Appellant's demonstration not only to use a hand gun to induce people to give him their property, but his going beyond that point and possibly injuring the victims or, as in this case, threatening to kill them. The trial court, therefore, found a particularized individual circumstance that constituted a separate aggravating circumstance. I think he was justified in so doing and would find his reasons given were adequate, I therefore would affirm the judgment of the trial court.

GIVAN, C.J., concurs.