SULLIVAN, Justice,
concurring and dissenting.
I concur with the majority's analysis that appellant was not denied effective assistance of counsel but respectfully dissent on the sentencing issues.
As noted above, the trial court considered four aggravating factors and five mitigating factors in deciding to enhance the presumptive sentences for Felony Murder and Conspiracy to Commit Robbery by twenty years each. The aggravating factors were that (i) the crime was committed by ambush while lying in wait, (ii) the crime was premeditated, (iii) the purpose of the crime was to obtain illegal drugs, and (iv) “any reduced sentence would depreciate the seriousness of this senseless, brutal crime.” The mitigating factors were that the appellant (i) was not the actual striker of the deceased, (ii) had no previous criminal record, (iii) did not intend to kill the victim, although that was the result, (iv) was not the leader, but rather the follower, in this crime, and (v) had no history of violence.
Aggravating factor (i), that the crime was committed by ambush while lying in wait, is not a proper aggravating factor because it was one of the elements of the conspiracy to commit robbery charge. A fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence. Townsend v. State (1986), Ind., 498 N.E.2d 1198, 1201, 1202. The same reasoning applies to aggravating factor (ii), premeditation. As premeditation or planning is also an element of the *1290 conspiracy charge, Townsend is also applicable. Id.
Aggravating factor (iv), that a reduced sentence would depreciate the seriousness of the crime, is also inappropriate here. This statutory aggravator is only appropriate when the court is considering sentencing the defendant to less than the presumptive sentence, not when enhancing the sentence. Evans v. State (1986), Ind., 497 N.E.2d 919, 923; Farrell v. State (1993), Ind.App., 612 N.E.2d 124, 133.
This leaves only aggravating factor (iii), that the purpose of the crime was to obtain money for illegal drugs. While our precedents teach that only one aggravating factor is necessary to enhance a sentence, Thorpe v. State (1988), Ind., 524 N.E.2d 795, 796, the improper use of three other aggravating factors mandates, in my view, that we balance the sole valid aggravating factor against the five mitigating factors, much as we did in Harrington v. State (1992), Ind., 584 N.E.2d 558, 565. I think that, based on such weighing, the imposition of an enhanced sentence is manifestly unreasonable. The trial court should have imposed the presumptive sentence for both offenses and ordered them to be served concurrently.
For these reasons, I dissent.
DeBRULER, J., concurs.