Curtis L. CROWE, Wesley D. Crowe,
Jr., Appellants-Defendants,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–383A87.

Court of Appeals of Indiana,
Fourth District.

May 30, 1984.

John P. Avery, Indianapolis, for appellants-defendants.

Linley E. Pearson, Atty. Gen., Latrtalle Wheat, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

On November 22, 1983, we affirmed the trial court's denial of a change of venue from the judge and held the evidence was sufficient to sustain the convictions of the Crowes, but remanded the cause for a further statement by the court of its reasons for enhancement of sentences, see *Crowe v. State*, (1984) Ind.App., 456 N.E.2d 439.

Pursuant to a hearing held April 26, 1984, for those purposes, the trial court has filed a transcript of the hearing and its findings of fact and the reasons for finding aggravating circumstances for sentencing purposes. It reads in part as follows:

1. Previous criminal history of the defendants—

   Referring to the Pre-Sentence Investigation Report, on Wesley Crowe, Jr., it does show four (4) entries for law violations as a juvenile, one being Assault and Battery with Intent to Kill, five (5) arrests as an adult, one Aggravated Assault, no disposition being shown. The Pre-Sentence Report on Curtis Crowe, there's a charge of Aggravated Assault and Battery as a juvenile, three (3) arrests as an adult, minor offenses. Although his record is not as bad as his brother there was, again, an indication of violent action on the part of the Defendant prior to this incident.

2. Defendants are in need of rehabilitation that can only be provided by a long term commitment in a penal facility—

   Wesley Crowe had had a commitment to the Boys School, no long term incarceration. Curtis Crowe has not had the advantage of being committed to a penal facility other than perhaps a stay at the Juvenile Center or possibly some time he might have spent in Jail while one of these arrests occurred. The previous encounters that they've had with the judicial system has not made them change their ways or curbed their violent tendencies. A long term

commitment would, at least, prevent any further harm to society and hopefully would also bring about some rehabilitation to the Defendants.

3. Imposition of any reduced sentence would depreciate the seriousness of the offense—

The facts of the case show that this was a premeditated attack; the Defendants would know that their actions could only result in extensive property damage and, or, serious bodily injury, or even possible death. It's the type of crime I would consider to be as serious as someone that might be shooting at people in a house, either shooting at people or shooting at a house with people in it. Acts such as this are a threat to society as well as the specific victims that might have been involved. Most definitely reducing the sentence that was imposed would depreciate the seriousness of the crime.

JUDGE'S FINDING OF FACT AND REASONS FOR FINDING AGGRAVATING CIRCUMSTANCES FOR PURPOSE OF SENTENCING.

For these reasons the Defendants shall receive the stated term of ten (10) years for Count I, a Class B felony; and the stated term of five (5) years for Count II, a Class C felony, which terms shall run consecutively.

Therefore, the Defendants are to serve an executed sentence of fifteen (15) years. (10 + 5)

/s/ Roy F. Jones
Honorable Roy F. Jones
Marion Superior Court
Criminal Division Five

Having complied with our instructions to supplement the statement of its reasons for enhancement of sentences, this appeal now in all things is affirmed.

YOUNG, J., and GARRARD, J. (sitting by designation), concur.