**Tommy Ray CURRIE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–1082A272.

Court of Appeals of Indiana, Third District.

May 26, 1983.

---

Kenneth L. Anderson, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

1. IC 1976, 35–43–4–2 (Burns Code Ed., Supp.

STATON, Judge.

Following a bench trial, Tommy Ray Currie (Currie) was found guilty of theft, a class D felony.[1] Currie appeals, raising two issues:

(1) Whether the record contains sufficient evidence to support the conviction, despite Currie's claim that he thought the purse he took belonged to his wife; and

(2) Whether the trial court abused its discretion in sentencing Currie to four (4) years in prison.

Affirmed in part; remanded in part.

## I.

### Sufficiency

■ When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all the reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

■ The evidence most favorable to the judgment shows that Lessie Harp (Harp) was in a parking lot in Hammond, Indiana on May 17, 1981, where Currie approached her and demanded her purse. When she refused to give it to him, he grabbed it and ran. Currie got into a car driven by his wife and left the parking lot. Another car followed Currie and his wife and forced them to stop. Currie ran from his car. His wife obtained a crowbar from the trunk of her car and gave it to Currie, who swung the crowbar at the driver of the other car. Before Currie could leave, police officers arrived.

Currie contends that the evidence is insufficient to prove that he acted knowingly or intentionally. He asserts that he thought Harp's purse belonged to his wife.

1982).

The record shows that Currie demanded Harp's purse, then grabbed it and ran to a car which drove away when he got in. When forced to stop, he attempted to attack his pursuers. His behavior supports a reasonable inference that he knew the purse belonged to Harp. Currie is asking this Court to reweigh the evidence on appeal; we will not do so.

## II.

### Aggravated Sentence

Currie contends that the trial court abused its discretion in giving him an aggravated sentence of four (4) years and in finding no mitigating circumstances. He also argues that the trial court failed to state its reasons for the aggravated sentence with sufficient specificity. We agree with Currie's latter contention.

 When the trial court imposes the basic sentence, the reviewing court will presume that it considered the proper factors in determining the sentence to be imposed. However, if the trial court exercises its discretion and imposes a sentence shorter or longer than the basic sentence, it must make a statement of its reasons for imposing that sentence. *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1022.

IC 1976, 35–4.1–4–7 (35–50–1A–7) (Burns Code Ed., 1979 Repl.) provides in pertinent part:

"(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

\* \* \* \* \* \*

"(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

"(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

"(2) The person has a history of criminal activity.

"(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility."

Our Supreme Court has stated that a statutory factor which is a simple fact may stand alone, but ultimate facts require support.

"For example, if a defendant has a history of criminal activity, the incidents comprising such history need be recited; and if there are substantial grounds tending to excuse the crime, the specific facts constituting such grounds must be recited."

*Page v. State, supra,* 424 N.E.2d at 1023. The record contains the following reasons for Currie's sentence:

"Evidence is heard and the Court, after reviewing the the [*sic*] Pre-Sentence Investigation Report now finds two prior felony convictions are aggravating circumstances and finds no mitigating circumstances in this cause. Court now sentences the Defendant, Tommy Ray Currie, to a term of four (4) years...." (Record, pp. 30–31).

The mere statement that Currie had two prior felony convictions is not sufficient. *See Farina v. State* (1982), Ind., 442 N.E.2d 1104, 1105, 1106; *Lenn v. State* (1982), Ind., 437 N.E.2d 56, 58–59; *Page, supra.* Therefore, we remand this cause to the trial court with instructions to supplement its reasons for enhancing the sentence given to Currie or alternatively to modify it.

Affirmed in part; remanded in part.

HOFFMAN, P.J., and GARRARD, J., concur.