David LYONS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–884A229.

Court of Appeals of Indiana,
Third District.

March 28, 1985.
Rehearing Denied May 14, 1985.

Robert J. Beckman, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant David Lyons was charged with the crime of attempted escape, a Class D felony, pursuant to IND.CODE § 35–44–3–5. The jury returned a verdict of guilty, and Lyons was sentenced for a term of four years (two years for the felony and two years for aggravating circumstances).

The facts most favorable to the State are as follows. Lyons is an inmate of the Indiana State Prison in Michigan City, having been committed on December 28, 1979. At approximately 10:15 P.M. on June 3, 1983, a guard at the prison observed an individual, later identified as Lyons, on the roof of one of the prison's buildings, with a rope in his possession. Lyons was subsequently captured.

A ventilation shaft provided the only access to the roof, and the cover to the ventilation shaft had been propped open. The shaft led to a maintenance passage which ran immediately behind the individual jail cells. After the incident, a search of Lyons' cell revealed a twelve- by eighteen-inch opening which had been chiseled through the rear wall, allowing access to the maintenance passage. In addition, a dummy or something simulating a person had been placed under the blanket of his bed. Upon questioning, Lyons stated to a prison investigator that he had chipped the hole in the wall, had gone up the shaft to the roof, and that it was his intention to leave.

In his appeal, Lyons presents six issues for this Court's review:

(1) whether the trial court erred in admitting Lyons' unsigned waiver of rights form and subsequent confession;

(2) whether the trial court erred in admitting Lyons' commitment to the Indiana State Prison;

(3) whether the trial court erred in refusing Lyons' tendered Instruction No. 6 on reasonable doubt;

(4) whether the evidence was sufficient to support the verdict;

(5) whether the trial court erred in finding Lyons' prior conviction and attempted escape during this trial to be aggravating circumstances; and

(6) whether the proceedings in LaPorte County Court violated his constitutional right against double jeopardy as he had already been punished ad-

ministratively by the Institutional Conduct Adjustment Board.

Lyons' first contention is that the trial court erred in admitting an unsigned waiver of rights form and his confession. The form which he objects to contains two sections: the first is a list of the interviewee's constitutional rights and the second is the interviewee's waiver of rights. The waiver section was not signed by Lyons, but the document bore the signature of Sergeant Penfold, the prison investigator.

◼ Lyons argues the admission of this form put undue weight upon the testimony of Penfold that Lyons had been read his rights, and that it implies that Lyons did not waive his rights. However, when Penfold testified that Lyons had been read his rights prior to questioning and had refused to sign the waiver, there was no objection. As the waiver of rights form merely tends to prove or disprove some material fact, it is relevant. Thus, the evidence is admissible and the court acted properly.

◼ Lyons also argues that his confession was improperly admitted as it was given during questioning which took place after he had refused to sign the waiver of rights. In order for a confession to be admissible in a criminal trial, there must be proof beyond a reasonable doubt that counsel was present at the time the confession was given, or that the right to the presence of counsel was voluntarily and knowingly relinquished prior to the commencement of the interrogation. *Clark v. State* (1984), Ind., 465 N.E.2d 1090.

◼ Here, the testimony of Penfold was that Lyons was read his constitutional rights prior to questioning, that Lyons understood those rights, and that Lyons' confession was then given. This uncontradicted testimony is sufficient to establish that Lyons knowingly and voluntarily relinquished his right to have counsel present when he gave his confession. In addition, as the record does not show any objection to Penfold's statements at trial, Lyons has waived any objection to the contents of this conversation.

Lyons' second contention is that the trial court erred in admitting a record of his commitment to the Indiana State Prison. At trial, Lyons objected to the introduction of this document arguing first that although the document was certified as being true and accurate by the official keeper of prison records, it could not be introduced by someone other than the keep. Lyons also objected that the notary's jurat is insufficient in that it does not state that the keeper verbally acknowledged the truth and accuracy of the document at the time he signed.

◼ An official record which is admissible may be evidenced by a copy which is attested by the officer having the legal custody of the record. Ind.Rules of Procedure, Trial Rule 44(A)(1). The attestation must be that the copy is a true and complete copy of the official record. IND. CODE § 34–1–17–7. Here, the copy of Lyons' prison commitment was properly attested by the prison's record keeper as being a true and complete copy of the record. Therefore, the trial court did not err in admitting this evidence.

◼ Lyons' third contention is that the trial court erred in refusing his tendered Instruction No. 6 on reasonable doubt. Instead, the trial court gave its own which Lyons alleges did not adequately state the standard of proof or the burden of proof. The trial court's instruction on reasonable doubt reads as follows:

"A reasonable doubt is a doubt based on reason, and which is reasonable in view of all of the evidence, or the lack of it. And, after an impartial comparison and consideration of all of the evidence, or want of evidence, if you can candidly say that you are not satisfied of the defendant's guilt, you have a reasonable doubt; but, if after such impartial comparison, and consideration of all the evidence, you can truthfully say that you have an abiding conviction of the defendant's guilt, such that a prudent person would feel safe to act upon that conviction in a matter of the highest concern and impor-

tance to his own dearest and personal interest, under the circumstances where there was no compulsion resting upon him to act at all, then you have no reasonable doubt."

This instruction is an accurate definition of reasonable doubt and contains the matters contained in Lyons' tendered instruction. In addition, the court properly instructed the jury on the burden of proof in a criminal case in other instructions. Thus, the trial court did not err in refusing Lyons' instruction and giving its own. *See, Bivins v. State* (1982), Ind., 433 N.E.2d 387.

Lyons next argues that the evidence was insufficient to support the verdict. In reviewing sufficiency of the evidence, this Court on appeal will not weigh the evidence or judge the credibility of witnesses. We view only the evidence most favorable to the State and the reasonable and logical inferences drawn therefrom. If there is substantial evidence of probative value as to every element of the crime charged, the verdict will not be set aside. *Oller v. State* (1984), Ind.App., 469 N.E.2d 1227, *reh. denied*, 472 N.E.2d 610.

Lyons was charged with attempted escape, pursuant to IND.CODE § 35–44–3–5. The elements of that charge are as follows:

1) Taking substantial steps towards
2) intentionally
3) fleeing from lawful detention.

The evidence most favorable to the State reveals that Lyons was under lawful detention at the Indiana State Prison, that he had chiseled a hole in his jail cell and had exited via that hole to the building's roof, that a dummy had been hidden under the blankets of Lyons' cell bed, that Lyons was apprehended on the building's roof with a 75-foot homemade rope in his possession, and that Lyons stated he intended to flee. In addition to his statements, Lyons' actions support the reasonable inference that he intended to flee. Considering this, there was substantial evidence of probative value as to each element of the crime charged. Thus, the evidence was sufficient.

Lyons' fifth contention is that the trial court erred in finding his prior conviction and attempted escape during trial to be aggravating circumstances. At the sentencing hearing the trial court stated:

"The Court does find that aggravating circumstances do exist in this matter. First of all, you do have a serious prior felony record, class A murder.

Second, during the trial of this cause, you were here in this Court ... and attempted to escape right here in this Courthouse."

Lyons argues that the trial court should not have considered his attempted escape during trial. In determining whether to enhance a sentence, the trial court is guided as to the factors to consider by IND.CODE § 35–4.1–4–7(c). However, the list provided therein is not exclusive, and by the language of IND.CODE § 35–4.1–4–7(d), the trial court is not limited to consider only those factors. Thus, the trial court did not err in considering the fact that Lyons attempted an escape from the LaPorte County Courthouse during the trial of this case.

Lyons further argues that while a history of criminal activity is one of the listed factors, the fact that he only has one criminal conviction is not enough. He cites *Currie v. State* (1983), Ind.App., 448 N.E.2d 1252, at 1254, wherein this Court stated that "[t]he mere statement that Currie had two prior felony convictions is not sufficient." In that case, the trial court had given the following reasons for enhancing the sentence:

" 'Evidence is heard and the Court, after reviewing the the [sic] Pre-Sentence Investigation Report now finds two prior felony convictions are aggravating circumstances and finds no mitigating circumstances in this cause ....' "

448 N.E.2d at 1254.

This Court looked to *Farina v. State* (1982), Ind., 442 N.E.2d 1104, at 1106, wherein the Supreme Court held that a mere recitation of the statutory factors was not adequate as those "are ultimate

facts and require a finding of subsidiary facts to support them." Thus, *Currie* and *Farina* read together make it clear that a criminal history of one prior conviction is a properly considered aggravating factor, where the subsidiary fact of the nature of the prior conviction is also stated. As the trial court considered proper factors and adequately stated those factors for our review, there was no error.

Lyons' final contention is that the Institutional Conduct Adjustment Board's administrative punishment for his attempted escape[1] renders a subsequent criminal prosecution and conviction for the attempted escape violative of the Fifth Amendment prohibition against double jeopardy.

 While this is an issue of first impression, several other jurisdictions have specifically dealt with this question. As was recently stated by the Supreme Court of Georgia, "This Court and various federal courts have repeatedly held that the criminal and administrative conviction and punishment of a defendant for the same act does not constitute double jeopardy." *Anderson v. State* (1983), 250 Ga. 500, at 501, 300 S.E.2d 163, at 163. *Also see, Flowers v. State* (1983), 166 Ga.App. 740, 306 S.E.2d 16; *Colbeth v. Civiletti* (S.D.Ind.1980), 516 F.Supp. 73; *United States v. Bryant* (5th Cir.1977), 563 F.2d 1227, *cert. denied* (1978), 435 U.S. 972, 98 S.Ct. 1616, 56 L.Ed.2d 65; *United States v. Hedges* (10th Cir.1972), 458 F.2d 188. Lyons has failed to demonstrate any error in the result reached by these courts, nor can this Court find any.

The Board is authorized to administratively punish acts done within the prison walls by imposing disciplinary sanctions. The Board may not, however, lengthen a convict's term in the prison. The Board functions to insure peace and order inside the prison. On the other hand, the State is required to insure the safety and well-being of those outside the prison walls and has been authorized by statute to punish those who attempt an escape by extending the length of their term.

Therefore, the administrative punishment imposed by the Institutional Conduct Adjustment Board, and the subsequent criminal prosecution and conviction for the same act, is not double jeopardy.

The trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

1. The Board, after hearing the facts of the case, placed Lyons in solitary confinement for a period of time while he was serving his previous sentence.