**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 23 2015, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIELLE L. GREGORY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOWARD JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-402 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-1303-FA-17480

**January 23, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Howard Jackson (Jackson), appeals his conviction and sentence for dealing in a narcotic drug, a Class A felony, Ind. Code § 35-48-4-1(a)(2)(2013); and possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11.

We affirm.

## ISSUES

Jackson raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by admitting into evidence an unsigned consent to search form and a photograph depicting the money discovered in Jackson's motel room; and

(2) Whether Jackson's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On March 14, 2014, Indianapolis Metropolitan Police Department Officers Jason Rauch (Officer Rauch) and Matthew Thomas (Officer Thomas) visited the Days Inn Motel to conduct a security check. During the check, the desk employee of the motel reported suspicious activity in Jackson's room. Approaching Jackson's room, the officers detected a strong odor of burnt marijuana emanating from the room. When Jackson opened the door, the officers detected an even more pungent marijuana smell coming from the room. The officers requested to enter the room and Jackson, stepping aside, responded "yes." (Transcript p. 30). Upon entering the room, the officers observed a pile of cash on the bed and a large amount of narcotics on a nearby desk.

2

The officers immediately handcuffed Jackson and read him his *Miranda* rights and informed Jackson of his *Pirtle* rights, which were read from a consent to search form. After the officers explained his rights, Jackson verbally consented to a search of his room. Because he was handcuffed, Jackson was unable to sign the consent form and Officer Rauch wrote on the signature line that Jackson was "in custody." (Tr. p. 32). The Officer also crossed out the part on the form indicating that the officer had witnessed the signature and instead annotated that Jackson "verbally gave consent." (Tr. p. 33).

During the search, the officers located a total of 23.2035 grams of heroin, eight pre-packaged bindles of heroin each containing approximately 0.125 grams, and 0.82 grams of marijuana. A small pile of heroin was found on the desk, as well as two digital scales, a tube of aluminum foil, and an opened package of Mannite, which is an industrial sweetener frequently used as a cutting agent for heroin. The officers discovered two partially smoked marijuana joints and a baggie corner containing more heroin under the mattress of the bed, as well as four black cell phones.

Jackson told the officers that he had been living in the motel room for "some months" and would make a weekly trip to Chicago to purchase 25 to 50 grams of heroin. (Tr. p. 55). He admitted to re-packaging this heroin in the motel room and selling it at the corner of 38th Street and Oxford in Indianapolis.

On March 19, 2013, the State filed an Information, charging Jackson with Count I, dealing in a narcotic drug, a Class A felony; Count II, possession of a narcotic drug, a Class C felony; and Count III, possession of marijuana, a Class A misdemeanor. On May 14, 2014, the trial court conducted a bench trial. At the conclusion of the evidence, the

3

trial court found Jackson guilty as charged. Because Count II merged into Count I due to double jeopardy concerns, the trial court only entered judgment of conviction on Count I, Class A felony dealing in a narcotic drug, and Count III, Class A misdemeanor possession of marijuana. The trial court sentenced Jackson to thirty-five years on Count I with ten years suspended and to a concurrent one-year executed sentence on Count III.

Jackson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Admission of Evidence*

Jackson contends that the trial court abused its discretion by admitting into evidence the unsigned consent to search the motel room and a photograph of the cash seized during this search. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *J.K. v. State*, 8 N.E.3d 222, 228 (Ind. Ct. App. 2014). A trial court abuses its discretion when the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id*. We will not reweigh the evidence, and we will consider conflicting evidence most favorable to the trial court's ruling. *Id*.

### A. *Unsigned Consent to Search*

During the bench trial, the State elicited testimony from Officer Rauch indicating that after Jackson was given his *Miranda* rights and informed of his *Pirtle* rights, the officers "procured a [c]onsent to [s]earch form and went over the [c]onsent to [s]earch form with [Jackson] and asked that he would allow [the officers] consent to search the hotel room." (Tr. p. 31). Prior to admitting the consent to search form into evidence, it

4

was clarified that Jackson verbally gave consent and did not sign the document. Jackson objected to its admission on the ground that "it requires a signature to be valid." (Tr. p. 33). The trial court admitted the form over Jackson's objection because "it goes to the weight more than the admissibility." (Tr. p. 33). Jackson now asserts that the trial court abused its discretion as the "consent form was not signed by [Jackson] and not relevant to the proceedings because [Jackson] provided verbal consent for the search." (Appellant's Br. p. 8).

In *Lyons v. State*, 475 N.E.2d 719 (Ind. Ct. App. 1985), the officer testified that Lyons had been read his rights prior to questioning but had refused to sign the waiver. At trial, Lyons objected to the admission of the unsigned waiver of rights. *Id.* at 721. We affirmed the trial court's admission of the form over Lyons' objection because "[a]s the waiver of rights form merely tends to prove or disprove some material fact, it is relevant." *Id.* Likewise, here, because the unsigned document merely tended to prove that Jackson had been informed of his *Pirtle* rights, it is relevant.

Moreover, even if the trial court had abused its discretion in admitting the unsigned consent to search, the error is harmless. Because Jackson never objected or disputed the officer's testimony that Jackson verbally consented to the search of his motel room after being read his rights, the admission of the form is merely cumulative in nature to the officer's properly admitted testimony. *See Cole v. State*, 970 N.E.2d 779, 784 (Ind. Ct. App. 2012) (an error in the admission of evidence does not justify reversal if the evidence is cumulative of other evidence presented at trial).

### B. *Cash*

In a similar argument, Jackson contends that the trial court abused its discretion by admitting—over Jackson's objection—a photograph depicting the money seized by the officers in the motel room because it was "not relevant to the proceedings" as there "was no evidence the money was related to any criminal activity." (Appellant's Br. p. 8).

Jackson was charged with dealing in a narcotic drug as a Class A felony. Therefore, evidence establishing this charge is relevant if "(a) [the evidence] has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ind. Evidence R. 401.

During the search of the motel room, the officers discovered 23.2035 grams of heroin, eight pre-packaged bindles of heroin, two digital scales, four cell phones, and a pile of cash, which amounted to $1,628.00. In *Hazzard v. State*, 642 N.E. 1368, 1370 (Ind. 1994), our supreme court noted that "[a] reasonable trier of fact could have concluded beyond a reasonable doubt that an individual possessing a significant amount of cocaine subdivided into small bags, a substantial sum of cash, and a gun, intended to deliver the cocaine." Reaching a similar conclusion here, we affirm the trial court's admission of the photograph depicting the cash found in Jackson's motel room.

## II. *Sentencing*

Lastly, Jackson disputes his sentence as not appropriate in light of the nature of the offense and his character. This court "may revise a sentence authorized by statute, if after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The principal role of a Rule 7(B) review "should be to attempt to

leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id*. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id*. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). The burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The trial court entered judgment of conviction on a Class A felony dealing in narcotics and a Class A misdemeanor possession of marijuana. The sentencing range of a Class A felony is fifty to twenty years, with the advisory sentence being thirty years. I.C. § 35-50-2-4(a). And the sentencing range of a Class A misdemeanor is "not more than one (1) year" of imprisonment. I.C. § 35-50-3-2. Upon the evidence before it, the trial court imposed thirty-five years executed on the Class A felony, with ten years suspended, and a concurrent one-year executed sentence on the Class A misdemeanor.

Considering the nature of the offense, we note that Jackson admitted to the officers that he was trafficking twenty-five to fifty grams of heroin from Chicago to Indianapolis

7

on a weekly basis. At the time of his arrest, he was in possession of a large amount of heroin—eight to eleven times the statutory weight necessary to qualify as a Class A felony—and a considerable stash of cash.

Turning to his character, Jackson acknowledges that he has a criminal history and was assessed into the high risk category to reoffend. In 1992, Jackson incurred a true finding as a juvenile for possession of a controlled substance. As an adult, he was convicted of possession of a controlled substance in Illinois, and after violating his probation, served a four-year executed sentence. After his release in 1996, he was arrested on three separate occasions for aggravated battery, disorderly conduct, and syndicated gambling. Thereafter, in May 1998, he was convicted of manufacturing/delivering a controlled substance and received a four-year sentence. He was released again in November of 1999. Although he was arrested twice in 2011 and 2012 respectively, both prosecutions were dismissed due to evidentiary problems.

While we agree with Jackson's statement that he has not been convicted of a crime in sixteen years, we also note that he has not been particularly law-abiding during that period either. His criminal history clearly indicates that while his last conviction dates from 1998, he has had several run-ins with the authorities since his release from incarceration. Furthermore, Jackson admitted that he was making weekly trips to Chicago to obtain heroin for sale in Indianapolis. He acknowledged that he had been staying in the Days Inn "for some months" and that he would re-package the drugs in his room into bindles to sell on the street. (Tr. p. 55). Moreover, even though he claims that he "was supporting four dependent children," Jackson's pre-sentence investigation

8

indicates that none of his minor children lived with him, nor is he current on his child support obligation.

Accordingly, based on the evidence before us, we cannot say that Jackson's sentence is inappropriate in light of the nature of the offense and his character. As such, the trial court did not abuse its discretion in sentencing him.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by admitting into evidence an unsigned consent to search form and a photograph depicting the money discovered in Jackson's motel room; and Jackson's sentence is appropriate in light of the offense and his character.

Affirmed.

VAIDIK, C.J. and BAKER, J. concur