## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2017, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Fernando Arellano,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 18, 2017

Court of Appeals Case No.
45A05-1707-CR-1519

Appeal from the Lake County
Superior Court.
The Honorable Diane Ross Boswell,
Judge.
Trial Court Cause No.
45G03-1611-F2-22

**Barteau, Senior Judge**

# Statement of the Case

Fernando Arellano appeals the ten-year sentence the trial court imposed after he pleaded guilty to burglary resulting in bodily injury, a Level 3 felony.[1] We affirm.

# Issue

Arellano raises one issue, which we restate as: whether the court failed to provide a sufficient explanation to support Arellano's ten-year sentence.

# Facts and Procedural History

On November 10, 2016, Arellano and Kelly Swafford went to the home of Edward Boffo and Mindy Fontanyi. Fontanyi is Swafford's sister. Arellano intended to steal from the home. Neither Boffo nor Fontanyi were at home when Arellano and Swafford arrived. He kicked in the front door, entered the house, and moved two televisions and an electronic game system to a window.

Boffo and Fontanyi returned home and saw Swafford sitting in a car outside their house. While the three argued, Arellano knocked out a window screen and climbed out of the window. Boffo approached him, and the two men fought. Arellano pulled out a knife and cut Boffo's hand. The police arrived and arrested Arellano.

---

[1] Ind. Code § 35-43-2-1 (2014).

[5] The State charged Arellano with burglary with a deadly weapon, a Level 2 felony; burglary resulting in bodily injury, a Level 3 felony; and burglary of a dwelling, a Level 4 felony. The parties negotiated a plea agreement, pursuant to which Arellano agreed to plead guilty to burglary as a Level 3 felony. In exchange, the State agreed to dismiss the other burglary charges and to refrain from charging him with a habitual offender sentencing enhancement. The parties further agreed Arellano's sentence would be capped at ten years.

[6] The trial court held a guilty plea hearing and took the parties' agreement under advisement. At a subsequent hearing, the court accepted the agreement and determined Arellano was guilty of burglary as a Level 3 felony. The court imposed a ten-year sentence, and this appeal followed.

## Discussion and Decision

[7] Arellano argues the trial court failed to provide a sufficient explanation for his ten-year sentence. Pursuant to Indiana Code section 35-38-1-7.1(d) (2015), a court "may impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana." When imposing a sentence, the trial court must conduct a hearing and make a record. Ind. Code § 35-38-1-3 (1983). The record shall include "a statement of the court's reasons for selecting the sentence that it imposes," if the court finds aggravating circumstances or mitigating circumstances. *Id.*

[8] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868

N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). When a court imposes a sentence for a felony offense, it must provide a "reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* The purpose of this requirement is to: (1) guard against arbitrary and capricious sentencing; and (2) provide an adequate basis for appellate review. *Moore v. State*, 882 N.E.2d 788, 795 (Ind. Ct. App. 2008). Our Supreme Court has stated that one way in which a trial court may abuse its sentencing discretion "is [by] failing to enter a sentencing statement at all." *Anglemyer*, 868 N.E.2d at 490. When reviewing the adequacy of the trial court's sentencing decision, we consider both the written and oral sentencing statements. *Moore*, 882 N.E.2d at 795.

[9] The sentence for burglary as a Level 3 felony may not exceed sixteen years, and nine years is the advisory sentence. Ind. Code § 35-50-2-5 (2014). Arellano's ten-year sentence is thus slightly above the advisory sentence, and the court was required to explain what aggravating circumstance justified the enhancement. A single aggravating circumstance may be sufficient to enhance a sentence. *Loyd v. State*, 787 N.E.2d 953, 960 (Ind. Ct. App. 2003).

[10] Neither the trial court's sentencing order nor the abstract of judgment include an explanation for the enhanced sentence, but the court's oral sentencing statement is sufficient. After Arellano addressed the court, the following discussion occurred:

> THE COURT: Well, it seems to me that you have had opportunities to change your life, but your history is replete with

convictions, and I'm not looking at everything else, just the convictions, so that says to me that you didn't take those opportunities, and it makes me wonder why should I give you another one. Because your mother is sick and because you have a daughter?

THE DEFENDANT: Not just because of that, not just because of that. Because if I get sentenced right now and I do get the whole ten years, if I'm locked up, it's-it's-it's-I'll be 40 and then I won't never see my mother again. That-my daughter, she's already nine. She'll be, what-I'll miss her graduating, stuff like that. This-I never foreseen this at all.

THE COURT: You didn't?

THE DEFENDANT: No, I didn't.

THE COURT: When you were committing crime after crime after crime after crime, it never occurred to you that one of these days-

THE DEFENDANT: This right here, no.

THE COURT: (Continuing) -I'm going to end up in prison for a long time? That never occurred to you? Now, I'm intrigued by that.

THE DEFENDANT: Yes, yes, that did, that did, but not this, not this.

THE COURT: Ten years never-never occurred to you.

THE DEFENDANT: No, this position I'm in right now, this position I'm in. I'm just asking-

THE COURT: I really don't have another-I don't have an alternative disposition for you. I can't send you to Community Corrections for ten years or eight years. I mean, they don't want anybody longer than two. That's what-you know, they think that's the opportune time for them to work with somebody and make it beneficial. Anything after that is just warehousing. So I don't have any real alternative.

> All right. So on the defendant's plea of guilty to burglary, and that's Count-Count-Count II, Count II, as a Level 3 felony, he'll be sentenced pursuant to the plea agreement to ten years in the Department of Corrections [sic], and he'll be sentenced to the therapeutic community for chemically addicted offenders at Westville or any other appropriate facility.
>
> The Court will consider a petition for modification if the defendant successfully completes the therapeutic community.

Sentencing Tr. pp. 17-19.

[11]     It is clear from this discussion that the court deemed Arellano's criminal history, which consists of four felonies and six misdemeanors, to be significant. The court was further troubled that Arellano seemed not to understand that his prior sentences should have motivated him to avoid breaking the law, but he persisted in criminal conduct. Although more detail would have helped, we conclude from this record that the court deemed Arellano's criminal record to be an aggravating factor. *See Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2009) (trial court sufficiently identified aggravating factors, including criminal history, during resentencing hearing).

[12]     Arellano cites to *Currie v. State*, 448 N.E.2d 1252 (Ind. Ct. App. 1983), but that case is distinguishable. There, the trial court simply cited the defendant's two prior felony convictions as an aggravating circumstance, and a panel of this Court deemed that statement insufficient. By contrast, in this case the court explained Arellano's lengthy criminal record was a problem because he had been given numerous opportunities to reform and chose to persist in criminal

conduct. The court did not abuse its discretion in explaining the basis for its sentence.

## Conclusion

[13] For the reasons stated above, we affirm the judgment of the trial court.

[14] Affirmed.

Vaidik, C.J., and Robb, J., concur.